OPINION *Page 2 
{¶ 1} This appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Raphael Butler, appeals the decision of the Jefferson County Court of Common Pleas convicting him of one count of burglary, two counts of aggravated robbery, and brandishment of a firearm during the commission of these offenses and resentencing him to fifteen years imprisonment. Because Butler's Motion to Resentence was in actuality an untimely motion for post-conviction relief, Butler's motion had to meet the standards set forth in R.C. 2953.23(A). Because his motion did not meet those requirements, the trial court had no jurisdiction to entertain the motion. Accordingly, the decision of the trial court is vacated and the original sentence is reinstated.
 {¶ 2} On December 12, 2001, Butler was convicted by a jury of one count of burglary, two counts of aggravated robbery, and brandishment of a firearm during the commission of these offenses. On December 12, 2001, Butler was sentenced to the maximum term of eight years imprisonment for burglary, plus three years on the gun specification. The trial court sentenced Butler to four years on each of the aggravated robbery counts, to run concurrently with each other, but consecutive to the sentence on the burglary count. The trial court ordered all of the firearm specifications to run concurrently. Butler was sentenced, then, to a total net term of fifteen years imprisonment. Butler appealed that sentence, but on June 26, 2003, this court affirmed his conviction and sentence.
 {¶ 3} On May 26, 2006, Butler filed a "Motion for Resentencing" in the trial court alleging that his original sentence was inappropriate pursuant to the holding in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. The trial court conducted a "resentencing hearing" which resulted in the court's reimposition of the original sentence.
 {¶ 4} Butler's sole assignment of error alleges:
 {¶ 5} "The court erred in failing to follow the directives of the Ohio Supreme Court *Page 3 
in State v. Foster."
 {¶ 6} As a preliminary matter, this Court must first determine whether the trial court had jurisdiction to consider Butler's motion for resentencing. "Neither the rules of civil procedure nor the laws of Ohio recognize a motion for resentencing hearing and for correction of an erroneous sentence. Nevertheless, a court must categorize such an irregular motion in order for the court to know the criteria by which the motion should be judged." State v. Butts (May 23, 2006), 10th Dist. No. 05 AP-732, citing State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 10. A motion to correct a sentence falls within the definition of a petition for post-conviction relief under R.C. 2953.21(A)(1), where "it is a motion that (1) was filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." State v. Reynolds (1997), 79 Ohio St.3d 158, 160. It would appear that Butler's motion was in fact a petition for post-conviction relief.
 {¶ 7} Pursuant to R.C. 2953.21, a petition for post-conviction relief is filed subsequent to the direct appeal of the conviction. R.C. 2953.21(A) (1 ) defines the criteria under which post-conviction relief may be sought:
 {¶ 8} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed the sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence * * *."
 {¶ 9} R.C. 2953.21(A)(2) provides that a petition for post-conviction relief must be filed "no later than 180 days after the date which the trial transcript is filed in the court of appeals in a direct appeal to the judgment of conviction or adjudication * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for the filing of the appeal."
 {¶ 10} Here, five years have passed since Butler's original appeal was filed and thus Butler's petition was clearly untimely. R.C. 2953.23
governs untimely and *Page 4 
successive petitions for post-conviction relief and provides that a trial court may consider a second or successive petition for post-conviction relief only if the petitioner can demonstrate:
 {¶ 11} "(1) Both of the following apply:
 {¶ 12} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 13} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factf inder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 14} In this case, Butler's arguments contained in his motion pertained only to his sentence and how the decision in Foster impacted that sentence. Thus, this court must determine whether Foster represents the recognition of a new federal or state right that applies retroactively to appellant, thereby permitting him to file an untimely petition pursuant to R.C. 2953.23(A)(1)(a).
 {¶ 15} The United States Supreme Court in United States v. Booker
(2005), 543 U.S. 220, 125 S.Ct. 738, the case upon which the holding inFoster was based, held that its ruling regarding the sentencing guidelines was not to be applied retroactively to cases on collateral review, but was to apply only to cases on direct review. Id. at 268. Moreover, the Supreme Court of Ohio stated in Foster that its ruling only applies to cases pending on direct review. Foster, at ¶ 104. Therefore, a Blakely argument cannot be the basis for a petition for post-conviction relief because "a post-conviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." State v. Steffen, 70 Ohio St.3d 399, 410,1994-Ohio-111, citing State v. Crowder ( 1991), *Page 5 60 Ohio St.3d 151.
 {¶ 16} Moreover, R.C. 2953.23(A)(1)(b) only allows petitioners to claim a constitutional error in an untimely petition if the error affected his conviction or death sentence. The claimed constitutional error in this case affected neither. Butler was found guilty by the jury of his crimes and any error addressed in Foster regarding how he was sentenced for those crimes does not affect that underlying conviction and he was not sentenced to death. "The plain language of R.C. 2953.23(A)(1)(b) does not extend to sentencing errors, except for those occurring within the capital punishment context." State v. Barkley, Summit App. No. 22351, 2005-Ohio-1268, at ¶ 11.
 {¶ 17} Finally, it is worth noting that we have recently held that a petitioner could not raise his Foster argument in a timely petition for post-conviction relief. See State v. Mills, 7th Dist. No. 06 BE 14,2006-Ohio-7077, at ¶ 25.
 {¶ 18} Butler has not demonstrated that his untimely petition for post-conviction relief should have been entertained pursuant to the exception found in R.C. 2953.23(A). The trial court was, therefore, without jurisdiction to consider his untimely petition for post-conviction relief. Accordingly, Butler's sole assignment of error is meritless, the judgment of the trial court is vacated and the original sentence is reinstated.
 Donofrio, J. and Vukovich, J., concurs. *Page 1