[Cite as *State v. Butler*, 2010-Ohio-2537.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 JE 1 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| RAPHAEL BUTLER | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from the Court of
                                   Common Pleas of Jefferson County,
                                   Ohio
                                   Case No. 01-CR-82

JUDGMENT:                          Affirmed.

APPEARANCES:

For Plaintiff-Appellee:            Atty. Thomas R. Straus
                                   Prosecuting Attorney
                                   Jefferson County Justice Center
                                   16001 State Route 7
                                   Steubenville, Ohio  43952

For Defendant-Appellant:           Raphael Butler, Pro se
                                   #421-823
                                   Noble Correctional Institution
                                   15708 McConnellsville Road
                                   Caldwell, Ohio  43724

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                   Dated:  June 3, 2010

WAITE, J.

**{¶1}** Pro se Appellant Raphael Butler appeals the decision of the Jefferson County Court of Common Pleas overruling a petition for postconviction relief. This was the second petition for postconviction relief filed by Appellant and in it he alleged that his indictment for aggravated robbery was defective based on his interpretation of the holdings in *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 (*Colon I*) and *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169 ("*Colon II*"). The record indicates that Appellant's petition for postconviction relief was not timely filed and did not meet the prerequisites for filing a successive petition for postconviction relief. The trial court did not have jurisdiction to entertain the petition, and the court was correct in overruling the petition. The judgment of the trial court is affirmed.

**{¶2}** On December 11, 2001, a jury convicted Appellant on one count of burglary and two counts of aggravated robbery, with accompanying firearm specifications for each count. On December 12, 2001, Appellant was sentenced to the maximum term of eight years imprisonment for burglary, plus three years on the gun specification. The trial court also sentenced Appellant to four years on each of the two aggravated robbery counts, to run concurrently with each other, but consecutive to the eleven-year sentence for burglary. The trial court ordered all of the firearm specifications to run concurrently. The result was a total term of fifteen years of imprisonment. Appellant appealed that sentence and both his conviction and sentence were affirmed. *State v. Butler*, 7th Dist. No. 01 JE 34, 2003-Ohio-3468.

**{¶3}** On May 26, 2006, Appellant filed a motion for resentencing with the trial court. The court held a resentencing hearing and reimposed the original sentence. Appellant filed an appeal and we determined that the motion for resentencing was actually an improperly labeled petition for postconviction relief. *State v. Butler*, 7th Dist. No. 06 JE 37, 2007-Ohio-2193. We held that the petition for postconviction relief was not filed in a timely manner and did not meet the requirements of R.C. 2953.23(A). We determined that the trial court did not have jurisdiction to entertain the petition. The trial court's resentencing judgment entry was vacated and the original sentence was reinstated.

**{¶4}** On September 9, 2008, Appellant filed another petition for postconviction relief alleging errors in the indictment pursuant to *Colon I* and *II*. The trial court overruled the petition on December 19, 2008. Appellant filed this pro se appeal on January 15, 2009.

## ASSIGNMENT OF ERROR

**{¶5}** "THE TRIAL COURT ABUSED THEIR DISCRETION WHEN DENYING POST RELIEF." [sic]

**{¶6}** Appellant argues that his indictment failed to properly inform him of the charges against him because it did not list a mens rea element for his crimes. He argues that the recent *Colon* cases established some basis for relief for him, although he does not explain what the specific rationale might be for obtaining that relief. He asks this Court to review his petition and to vacate or dismiss the charges against him.

{¶7} Petitions for postconviction relief are governed by R.C. 2953.21 and R.C. 2953.23. Under R.C. 2953.21, relief from a judgment or sentence is available for a person convicted of a criminal offense who shows that, "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States."

{¶8} R.C. 2953.21(A)(2) provides that a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[.]" Obviously, Appellant's petition has not been timely filed within the 180-day period set by R.C. 2953.21(A)(2).

{¶9} Furthermore, pursuant to R.C. 2953.23:

{¶10} "(A) * * * a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of [R.C. 2953.21] or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

{¶11} "(1) Both of the following apply:

{¶12} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies

retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

**{¶13}** "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

**{¶14}** "(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death."

**{¶15}** Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a successive petition for postconviction relief. *State v. Haschenburger*, 7th Dist. No. 08-MA-223, 2009-Ohio-6527, ¶12; *State v. Palmer*, 7th Dist. No. 08 JE 18, 2009-Ohio-1018, ¶1; *State v. Beuke* (1998), 130 Ohio App.3d 633, 720 N.E.2d 962.

**{¶16}** This is not a case where new DNA evidence has been found. Hence, R.C. 2953.23(A)(2) does not apply. Therefore, Appellant was required to satisfy R.C. 2953.23(A)(1) for the trial court to have jurisdiction to entertain the untimely and successive petition for postconviction relief.

**{¶17}** R.C. 2953.23(A)(1)(a) presents two avenues for relief, and Appellant must meet the requirements of one of those. Appellant does not claim to have been "unavoidably prevented from discovery of the facts" to support his petition, so Appellant must satisfy the second part of R.C. 2953.23(A)(1)(a) and demonstrate the existence of some new federal or state right recognized by the United States Supreme Court that applies retroactively to Appellant's situation. Appellant also needs to satisfy the requirements of R.C. 2953.23(A)(1)(b).

**{¶18}** Appellant relies solely on the holdings in *Colon I* and *II* to establish his right to relief. Appellant appears to believe that his indictment failed to list an element of his crimes, the mens rea. Based on this belief, he claims that his indictment was fatally defective, and that we may address and correct this error by reference to the analysis and holdings of *Colon I* and *II*. In *Colon I*, the Supreme Court of Ohio held that a defendant who fails to raise a trial objection to an indictment that does not include a mens rea element of the charged crime, and where this defect in the indictment permeates the entire criminal proceeding, has not waived this defect. *Colon I*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, at ¶20-29. *Colon I* framed the error in the indictment as a structural error and held that it could be raised for the first time on appeal. In *Colon II*, the Supreme Court of Ohio clarified the

decision in *Colon I* by specifically limiting its application only to those cases still pending on the date that *Colon I* was announced, and by holding that the facts of *Colon I* were unique. *Colon II*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169, at ¶5-6. *Colon II* held that a structural error analysis would be appropriate only when a defective indictment resulted in multiple errors that were inextricably linked to the flawed indictment. Id. at ¶7. The *Colon II* Court further explained that a "new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." Id. at ¶4.

{¶19} Clearly, Appellant cannot rely on the *Colon* cases to satisfy the requirements of R.C. 2953.23(A)(1). First, Appellant was required to demonstrate that he relies on United States Supreme Court precedent created after the 180-day time period for filing his first petition for postconviction relief and that such precedent applies retroactively to his circumstances. R.C. 2953.23(A)(1)(a). Appellant has not cited any United States Supreme Court case that created a new right subsequent to the 180-day filing period applicable to his first petition for postconviction relief. He is relying solely on Ohio Supreme Court caselaw. Second, *Colon II* specifically held that it may only be applied retroactively to cases that were pending at the time *Colon I* was announced, which was April 9, 2008. Appellant's direct appeal to this Court ended on June 26, 2003, and he did not file any further appeal to the Supreme Court of Ohio. Thus, his case was no longer pending on direct appeal when *Colon I* was announced on April 9, 2008.

{¶20} Appellant has not satisfied any requirement for filing a late or successive petition for postconviction relief. Therefore, the trial court had no jurisdiction to entertain the petition and it was properly overruled. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.