[Cite as *State v. Butler*, 2011-Ohio-6366.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 10 JE 14 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| RAPHAEL BUTLER | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
Common Pleas of Jefferson County,
Ohio
Case No. 01 CR 82

JUDGMENT:     Modified and Remanded.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Jane Hanlin
Prosecuting Attorney
Jefferson County Justice Center
16001 State Route 7
Steubenville, Ohio  43952

For Defendant-Appellant:     Raphael Butler, Pro se
#421-823
Noble Correctional Institution
15708 McConnellsville Road
Caldwell, Ohio  43724

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  December 7, 2011

WAITE, P.J.

{1} Appellant Raphael Butler is appealing the judgment of the Jefferson County Court of Common Pleas overruling a motion to correct his sentence. The motion alleged that his sentence is void because it does not contain a notice regarding post-release control as required by R.C. 2929.19(B)(3). For the following reasons, we hereby modify and correct the sentence to properly apprise him of post-release control. This remedy is consistent with the holding in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶30. The case is remanded for the sole purpose of allowing the trial court to issue a corrected sentencing entry.

{2} In 2001, Appellant was convicted on one count of burglary and two counts of aggravated robbery, along with a firearm specification, and was sentenced to fifteen years in prison. He appealed the conviction and sentence, which were affirmed on appeal. *State v. Butler*, 7th Dist. No. 01-JE-34, 2003-Ohio-3468. In 2006, he filed a motion for resentencing, granted by the trial court. The court held a new sentencing hearing and specifically notified Appellant that he would be subject to five years of post-release control. We construed Appellant's request for resentencing as a motion for postconviction relief, and the motion was determined to be untimely. We vacated the trial court's resentencing entry and reinstated the original sentence from 2001. *State v. Butler*, 7th Dist. No. 06 JE 37, 2007-Ohio-2193. In 2008, Appellant filed another motion for postconviction relief, this time alleging errors in the indictment. The motion was denied by the trial court as being untimely filed, and we affirmed the judgment. *State v. Butler*, 7th Dist. No. 09 JE 1, 2010-Ohio-2537.

**{3}** On April 26, 2010, Appellant filed a motion to correct an improper sentence. In the motion he alleged that the trial court failed to give him the proper notification concerning post-release control. The trial court denied the motion on May 26, 2010, on the basis that Appellant had been expressly notified about post-release control at the resentencing hearing on June 26, 2006. Appellant filed his notice of appeal on June 7, 2010. The state has not responded to the appeal. Under App.R. 18(C), we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

## ASSIGNMENT OF ERROR

**{4}** "The defendant is serving a void sentence; the same sentence imposed by the trial court on December 12, 2001, after this court vacated the resentence imposed by the trial court on June 26, 2006."

**{5}** Appellant's current appeal involves the question of whether his original sentence was void because the trial court failed to follow the sentencing requirements found in R.C. 2929.19(B)(3) regarding post-release control. This statute has been litigated many times since Appellant was sentenced, and the statute itself was revised in 2006 to create a procedure for the trial court to correct errors pertaining to post-release control. Appellant contends that, under the current state of the law, his original sentence is void because he was not given the correct statutory notice about post-release control. Appellant is correct, but we are able to correct the error by modifying the sentencing judgment entry.

{6}     R.C. 2967.28 governs post-release control.    R.C. 2929.19(B)(3)(c) requires the sentencing court to notify a defendant who is being sentenced to a first or second degree felony that he will be subject to five years of post-release control by the parole board as set forth in R.C. 2967.28.  Appellant was sentenced on two first degree felonies and one second degree felony.  Therefore, he should have been notified that he was subject to mandatory post-release control.  The trial court must notify the defendant about post-release control both at the sentencing hearing and in the sentencing judgment entry.  *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶22.  In this appeal, Appellant has not established that the trial court failed to notify him of post-release control at his sentencing hearing because he has not included a transcript of that hearing as part of the record.  Without a transcript, we will presume that the trial court proceedings were correct.  Further, Appellant admits that he was informed about post-release control at a resentencing hearing on June 26, 2006.  Appellant questions the legal effect of that hearing based on our ruling in *State v. Butler*, 7th Dist. No. 06 JE 37, 2007-Ohio-2193, but he does not deny that he actually received the required verbal notice.  Thus, there is no error apparent in the record regarding whether Appellant was notified at a sentencing hearing that he is subject to post-release control.

{7}     The record does indicate, though, that the trial court failed to include notice of post-release control in the sentencing judgment entry.  A line of recent Ohio Supreme Court cases has consistently held that the felony sentencing statutes mandate that the sentencing judgment entry include the notice of post-release control and that the sentencing entry is partially void if the notice is not there.  *State v.*

*Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568; *Fischer*, supra; *Singleton*, supra.

**{8}** *State v. Fischer* recently reviewed whether a post-release control notification error must be remanded for a new sentencing hearing or whether the error could be corrected by the court of appeals reviewing the case. *Fischer* held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." (Emphasis in original.) Id. at 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶26. *Fischer* also held that a remand for a resentencing hearing was not the only option for the court of appeals to consider when fashioning a remedy for a postrelease control error: "R.C. 2953.08(G)(2)(b) permits an appellate court, upon finding that a sentence is clearly and convincingly contrary to law, to remand for resentencing. But a remand is just one arrow in the quiver. R.C. 2953.08(G)(2) also provides that an appellate court may 'increase, reduce *or* otherwise modify a sentence * * * *or* may vacate the sentence and remand the matter to the sentencing court for resentencing.' (Emphasis added.) Correcting a defect in a sentence without a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion." Id. at ¶29. *Fischer* further held that "[c]orrecting the defect without remanding for resentencing can provide an equitable, economical, and efficient remedy for a void sentence. Here, we adopt that remedy in one narrow area: in cases in which a trial

judge does not impose postrelease control in accordance with statutorily mandated terms." Id. at ¶30.

**{9}** In this case, there is no question that Appellant received verbal notice that he is subject to post-release control. His sentencing judgment entry, though, does not contain the necessary notice, and for that reason Appellant's assignment of error is well-taken in part. Appellant desires the remedy of a new sentencing hearing, but that remedy is not appropriate in this case. Pursuant to *Fischer*, we hereby modify and correct Appellant's post-release control to apprise him of post-release control, and we remand the case to the trial court with instructions to correct the sentencing entry to reflect this advisement. The following additional language, or language substantially similar, must be added to the sentencing judgment entry:

**{10}** "The offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison, including a mandatory period of five (5) years of post-release control imposed by the parole board. If the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender."

Donofrio, J., concurs.

DeGenaro, J., concurs.