[Cite as *State v. Butler*, **2012-Ohio-5361.**]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11-JE-30 |
| | ) | |
| RAPHAEL BUTLER, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:         Criminal Appeal from Court of Common
Pleas of Jefferson County, Ohio
Case No. 01CR82

JUDGMENT:                                          Affirmed

APPEARANCES:
For Plaintiff-Appellee                           No brief filed

For Defendant-Appellant                       Raphael Butler
#421-823
Noble Correctional Institution
15708 McConnelsville Rd.
Caldwell, Ohio 43724

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: November 16, 2012

DONOFRIO, J.

{¶1} Defendant-appellant, Raphael Butler, appeals from a Jefferson County Common Pleas Court judgment overruling his "motion to correct an illegal sentence."

{¶2} This is appellant's fifth appeal in this case. Appellant was convicted in 2001, of burglary and two counts of aggravated robbery, with accompanying firearm specifications. The trial court sentenced appellant to eight years for burglary. The court merged the two armed robbery counts into concurrent four year terms, but ordered appellant to serve that term consecutively to the burglary sentence. It also merged the three firearm specifications into one, for which it imposed an additional consecutive term of three years. Appellant's total prison sentence was 15 years. This court affirmed his convictions and sentence in his direct appeal. *State v. Butler*, 7th Dist. No. 01-JE-34, 2003-Ohio-3468.

{¶3} Appellant later filed a motion for resentencing in the trial court alleging that his sentence was inappropriate pursuant to the holding in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. The trial court conducted a resentencing hearing that resulted in the court's re-imposition of appellant's sentence. On appeal, we found that appellant's motion for resentencing was actually an untimely petition for postconviction relief. *State v. Butler*, 7th Dist. No. 06-JE-37, 2007-Ohio-2193. Because appellant's motion was untimely, we found that the trial court was without jurisdiction to consider it. *Id*. Therefore, we vacated the trial court's judgment and reinstated the original sentence, which was the same sentence. *Id*.

{¶4} Next, appellant filed a second petition for postconviction relief in which he alleged that his indictment for aggravated robbery was defective. The trial court overruled appellant's petition. On appeal, we found that appellant did not satisfy any requirement for filing a late or successive petition for postconviction relief. *State v. Butler*, 7th Dist. No. 09-JE-1, 2010-Ohio-2537. Therefore, we determined that the trial court properly overruled the petition and affirmed its judgment. *Id*.

{¶5} Appellant subsequently filed a motion to correct an improper sentence where he alleged that the trial court failed to properly inform him of postrelease control. The trial court denied the motion on the basis that appellant had been

expressly notified about postrelease control at his resentencing hearing in June 2006. On appeal, we found that appellant's sentencing judgment entry did not contain the necessary notice of postrelease control. *State v. Butler*, 7th Dist. No. 10-JE-14, 2011-Ohio-6366. Therefore, we remanded the matter to the trial court for the sole purpose of adding the postrelease control notification language. *Id*.

{¶6} Appellant next filed a "motion to correct an illegal sentence" arguing that the trial court should have merged his convictions and sentences for burglary and aggravated robbery because they are allied offenses of similar import.

{¶7} The trial court overruled appellant's motion. It stated that appellant's claims lacked merit and were moot.

{¶8} Appellant filed a timely notice of appeal on November 14, 2011.

{¶9} Plaintiff-appellee, the State of Ohio, has failed to file a brief in this matter. Therefore, we may consider appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain that action. App.R. 18(C).

{¶10} Appellant raises three assignments of error. Appellant's assignments of error are very similar and make the same basic argument. Therefore, we will address them together. The assignments of error state:

THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION TO CORRECT AN UNLAWFUL SENTENCE.

THE TRIAL COURT ERRED WHEN IT COMMITTED PLAIN ERROR BY FAILING TO IMPOSE CONCURRENT SENTENCES FOR MULTIPLE CONVICTIONS FOR ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO R.C. 2941.25.

THE TRIAL COURT ERRED BY COMMITTING PLAIN ERROR WHEN IT FAILED TO COMPLY WITH CRIM.R. 32(C) AND PROPERLY SENTENCING [sic.] THE APPELLANT IN ACCORDANCE WITH R.C. 2941.25(A).

**{¶11}** Appellant argues that his sentence does not comply with R.C. 2941.25. R.C. 2941.25 provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶12}** Appellant contends that the trial court should have merged his convictions and sentences for burglary and aggravated robbery. He concludes that this alleged failure to comply with R.C. 2941.25 was plain error, renders his sentence unlawful, and requires a re-sentencing hearing.

**{¶13}** We cannot reach the merits of appellant's argument, however, because his postconviction motion was untimely.

**{¶14}** The requirement that a petition for postconviction relief be filed timely is jurisdictional. R.C. 2953.23(A) ("a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]"). Unless the petition is filed timely, the court is not permitted to consider the substantive merits of the petition. *State v. Beaver*, 131 Ohio App.3d 458, 461, 722 N.E.2d 1046 (11th Dist.1998) (the trial court should have summarily dismissed appellant's untimely petition without addressing the merits).

**{¶15}** If a postconviction relief petition is filed beyond the 180-day time limitation or the petition is a second or successive petition for postconviction relief, R.C. 2953.23(A) precludes the court from entertaining the petition unless: (1) the

petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the 180-day time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. R.C. 2953.23(A)(1)(a).

**{¶16}** Unless the defendant makes the showing required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a second or successive petition for post-conviction relief. *State v. Carter*, 2d Dist. No. 03-CA-11, 2003-Ohio-4838, citing *State v. Beuke*, 130 Ohio App.3d 633, 720 N.E.2d 962 (1st Dist.1998).

**{¶17}** In this case, appellant's petition was unquestionably filed beyond the 180-day time limit set forth in R.C. 2953.21. And appellant failed to meet a timeliness exception under R.C. 2953.23. Therefore, appellant's petition was untimely and the trial court was without jurisdiction to entertain it.

**{¶18}** Accordingly, appellant's first, second, and third assignments of error are overruled.

**{¶19}** For the reasons stated above, the trial court's judgment is hereby affirmed.


Waite, P.J., concurs.

DeGenaro, J., concurs.