[Cite as *State v. Martin*, 2013-Ohio-2881.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 MA 167 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DRUCE E. MARTIN | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 94 CR 749

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant: Druce E. Martin, Pro se
#320-205
Marion Correctional Institution
P. O. Box 57
Marion, Ohio 43302

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: June 20, 2013

WAITE, J.

{¶1} Pro se Appellant Druce E. Martin appeals the judgment of the Mahoning County Court of Common Pleas overruling an "Urgent Motion for Declariter." The motion challenged the constitutionality of the second superseding indictment which charged Appellant with aggravated murder and aggravated robbery. Based on the superseding indictment, the case went to jury trial. Appellant was subsequently convicted for the murders of Toby Flack and Stacy Marie Kroner. He was also convicted of one count of aggravated robbery. He was sentenced to fifteen years to life in prison on each of the murder charges, and ten to twenty-five years in prison for aggravated robbery, all to be served consecutively. The convictions and sentences were upheld on appeal. *State v. Martin*, 7th Dist. No. 96 C.A. 21, 1997 WL 816524 (Dec. 29, 1997).

{¶2} On July 2, 2012, he filed the motion for declariter at issue in this appeal. In the motion he argued that the original indictment did not have a time-stamp and was void, and that the superseding indictment was void on constitutional grounds. He also complained that he was never officially indicted because he did not get a copy of his indictment in a public records request. The trial court overruled the motion without comment on August 15, 2012.

{¶3} In rebuttal, Appellee argues that the July, 2012 motion can only be construed as a petition for postconviction relief. As such, it was properly denied by the trial court. Appellee also argues that the matters raised by Appellant are *res judicata*. Appellee is correct. There is no such thing as an "urgent motion for declariter" in Ohio. It is possible to attack a superseding indictment on constitutional

grounds in a filing for postconviction relief, but the petition for postconviction relief must be timely filed and cannot raise issues that are *res judicata*. Appellant's motion was filed 15 years past the deadline for filing a petition for postconviction relief and is untimely. He also raised the matter of the constitutionality of the superseding indictment in his direct appeal and the issue is now *res judicata*. He further challenges whether the original indictment was time-stamped. This is an attack on the sufficiency of the indictment and must be raised prior to trial or else it is waived. Crim.R. 12(C)(1). Appellant did not raise this matter prior to trial or on direct appeal, and he cannot raise it in a postsentencing motion or in a petition for postconviction relief. The judgment of the trial court is affirmed.

## History of the Case

{¶4} On August 13, 1994, Appellant and two accomplices robbed and shot Toby Flack and Stacey Kroner. On September 30, 1994, Appellant was indicted on two counts of aggravated murder with death specifications, and one count of aggravated robbery. On November 1, 1995, Appellant filed a motion to quash the jury venire on the grounds that jurors were being excluded from service based on their race. The motion was sustained and the matter was reset for trial to December 4, 1995. On November 8, 1995, the state sought and received a superseding indictment. On November 20, 1995, Appellant filed a motion to dismiss the indictment, and the motion was sustained. On November 22, 1995, the state procured a third indictment, which mirrored the previous indictment. Jury trial commenced on January 4, 1996. On January 18, 1996, the jury found Appellant not guilty of aggravated murder, but guilty of the murders of Toby Flack and Stacey

Kroner, and guilty of the aggravated robbery of Toby Flack. On January 22, 1996, the court sentenced Appellant to fifteen years to life in prison for each of the murders, and ten to twenty-five years in prison for aggravated robbery, all to be served consecutively.

**{¶5}** Appellant filed a direct appeal to this Court. He raised five assignments of error, one of which was a constitutional challenge to the November 22, 1995, superseding indictment. Appellant argued that there was racial bias in the grand jury selection process and that this bias invalidated the indictment. We held that the grand jury panel was properly selected and the assignment of error was overruled. *State v. Martin*, 7th Dist. No. 96 C.A. 21, 1997 WL 816524, *12 (Dec. 29, 1997). The conviction and sentence were affirmed. The Ohio Supreme Court declined to hear a further appeal. *State v. Martin*, 81 Ohio St.3d 1512, 692 N.E.2d 618 (1998). The United States Supreme Court denied certiorari as well. *Martin v. Ohio*, 525 U.S. 902, 119 S.Ct. 233, 142 L.Ed.2d 192 (1998).

**{¶6}** On November 4, 2008, Appellant filed a motion to vacate a void judgment. The court denied the motion on December 10, 2008, and no direct appeal was taken.

**{¶7}** On July 2, 2012, Appellant filed a motion with the trial court captioned "Urgent Motion for Declariter." On August 15, 2012, the trial court overruled the motion. This appeal followed. Both of the assignments of error are related and will be dealt with together.

## ASSIGNMENTS OF ERROR

Whether the failure to properly file an indictment pursuant to the mandatory provisions of: Crim. R. 55; and, Crim. R. 32(C), divest a trial court of jurisdiction to entertain any proceedings, and results in a patent lack of a final appealable order. see: Sup. R. 7(A); and, U.S.C.A. Const. Amend. 14

Whether the trial court abused its discretion by failing to accord appellant a hearing on his properly pled and substantive supported jurisdictional challenge. see: U.S.C.A. Const. Amend. 14; and, State v. Lowe (1994), 69 Ohio St. 3d 527, 532, 634 N.E. 2d 616, 620, quoting: State v. Adams (1980), 62 Ohio St. 2d 151, 157, 404 N.E. 2d 144, 148-149

{¶8} Appellant claims that he did not file a motion for postconviction relief and that his "urgent motion for declariter" was not treated as such by the trial court. He states that he is attacking the jurisdiction of the trial court to convict him on the grounds that there was never a valid indictment charging him with any crime. He argues that his conviction is void because the indictment is void, and he believes he should at least have had a hearing on his motion. As a preliminary matter, a filing denoted as an urgent motion for declariter is nonexistent in Ohio, or any other jurisdiction as far as we know. Further, whether or not the trial court treated Appellant's motion as a petition for postconviction relief is irrelevant, because we may affirm the trial court's judgment for reasons that differ from those used by the trial

court. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶18. A reviewing court presumes that the trial court acted correctly and applied the correct law unless the record affirmatively demonstrates otherwise. *State v. Downie*, 183 Ohio App.3d 665, 2009-Ohio-4643, 918 N.E.2d 218, ¶44 (7th Dist.); *Horton v. Dayton*, 53 Ohio App.3d 68, 70, 558 N.E.2d 79 (2d Dist.1988). "Since all reasonable presumptions consistent with the record will be indulged in favor of validity of the judgment under review and of regularity and legality of proceedings below, we presume that the trial court utilized the correct standard." *State v. Leonard*, 2d Dist. No. 18422, 2001 WL 395348, *2.

{¶9} Appellant first contends that his conviction is void on the grounds that his criminal case was not properly initiated due to the lack of a time-stamp on his first indictment. In attacking the technical aspects of the first indictment, he is challenging the initiation of the criminal proceedings. A defendant must raise challenges to the initial institution of the criminal prosecution prior to trial. Crim.R. 12(C)(1). Failure to raise this issue prior to trial constitutes a waiver of the issue on appeal. *State v. Barton*, 80 Ohio St.3d 402, 2006-Ohio-1324, 844 N.E.2d 307, ¶73; *State v. Mills*, 62 Ohio St.3d 357, 363, 582 N.E.2d 972 (1992).

{¶10} Not only did Appellant fail to challenge the time-stamp on the indictment prior to trial, he also failed to raise the issue on direct appeal. Alleged errors dealing with whether an indictment was correctly filed must be raised on direct appeal or the matter becomes *res judicata* in subsequent proceedings. *Payne v. Jeffreys*, 109 Ohio St.3d 239, 2006-Ohio-2288, ¶5. The doctrine of *res judicata* establishes that "a final judgment of conviction bars a convicted defendant who was represented by

counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis deleted.) *State v. Perry*, 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Since Appellant filed a direct appeal, he could have raised this question as an assignment of error. Because he did not, the matter is now *res judicata* regardless of how we might characterize Appellant's "urgent motion for declariter."

{¶11} Appellant's argument that the superseding indictment was never filed is also *res judicata*. We specifically noted in Appellant's direct appeal that a third indictment was filed on November 22, 1995, and thus, the factual question of whether there was a third indictment filed has been adjudicated and is part of the record in the case. *State v. Martin*, 7th Dist. No. 96 C.A. 21, 1997 WL 816534 (Dec. 29, 1997), *1.

{¶12} In Appellant's motion he also seeks relief from his conviction on constitutional grounds. He claims that there was some type of constitutional error in the composition of the indicting grand jury. He believes he can challenge the fundamental jurisdiction of the trial court based on the alleged constitutional violation. This is the type of argument raised in a petition for postconviction relief pursuant to R.C. 2953.21, regardless of the manner in which the defendant actually presents the motion to the court. *See, e.g.*, *State v. Palmer*, 7th Dist. No. 11 JE 7, 2012-Ohio-5255 (postconviction motion to dismiss on speedy trial grounds could only be construed as motion for postconviction relief); *State v. Butler*, 7th Dist. No. 06 JE 37, 2007-Ohio-2193 (motion to resentence must be deemed as motion for postconviction

relief); *State v. Davis*, 7th Dist. No. 08 MA 174, 2009-Ohio-4634 (motion to vacate judgment could only be interpreted as a motion for postconviction relief); *see also*, *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus.

**{¶13}** Petitions for postconviction relief are governed by R.C. 2953.21 through R.C. 2953.23. Pursuant to these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A).

**{¶14}** R.C. 2953.21(A)(2) requires that a petition for postconviction relief be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal, or 180 days after the expiration of the time for filing a direct appeal. The 180-day time period defined in R.C. 2953.21(A)(2) is jurisdictional: "Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a successive petition for postconviction relief. *State v. Haschenburger*, 7th Dist. No. 08-MA-223, 2009-Ohio-6527, ¶12; *State v. Palmer*, 7th Dist. No. 08 JE 18, 2009-Ohio-1018, ¶1; *State v. Beuke*, 130 Ohio App.3d 633, 720 N.E.2d 962 (1st Dist.1998)." *State v. Butler*, 7th Dist. No. 09 JE 1, 2010-Ohio-2537, ¶15. We released our Opinion in Appellant's direct appeal on December 29, 1997. *State v. Martin*, 7th Dist. No. 96 C.A. 21, 1997 WL 816524 (Dec. 29, 1997). Thus, the time for filing a timely petition for postconviction relief expired over 15 years ago.

**{¶15}** A late petition for postconviction relief may only be entertained by the trial court if the defendant establishes that, but for the constitutional error, he would

not have been convicted, and if he shows either that he was unavoidably prevented from discovery of the facts supporting postconviction relief, or that he should be given relief due to a new and retroactive federal right issued by the United States Supreme Court. R.C. 2953.21(A)(1). Appellant has not alleged that he would not have been convicted absent the alleged error, or that he was unavoidably prevented from discovery of any facts, or that he has discovered a new retroactive federal right as the basis of relief. Therefore, the motion filed by Appellant was untimely and the trial court was correct in dismissing it without a hearing. R.C. 2953.21(C).

{¶16} Finally, even assuming that Appellant's motion was a timely-filed petition for postconviction relief, it was properly dismissed. We have held that "[a] postconviction petition may also be dismissed without a hearing where the claims are barred by res judicata." *State v. West,* 7th Dist. No. 07 JE 26, 2009-Ohio-3347, ¶24. As already stated, the issues raised in this appeal were either raised in the direct appeal in 1997, or could have been raised and were not. Either way, the issues are now *res judicata* in postconviction relief proceedings. The issue regarding the time-stamp was required to be raised prior to trial and was not, and was not raised in the direct appeal either. The matter is deemed waived and is *res judicata*. The constitutional challenge to the grand jury panel was actually litigated in the direct appeal. Appellant now wishes to litigate a second challenge to the grand jury panel that issued the superseding indictment, but the time for such a challenge has long passed and the matter is *res judicata*. For all of these reasons, we overrule both assignments of error and affirm the judgment of the trial court.

Conclusion

**{¶17}** Appellant's postsentencing motion asserted arguments that are now *res judicata*. Appellant could and should have raised the question concerning the time-stamp on the original indictment prior to trial, and he cannot challenge the initiation of the prosecution in a postsentencing motion or in postconviction relief. Appellant's motion also raised a constitutional argument that is appropriate for a petition for postconviction relief, and for that reason, the motion must be reviewed under the law governing postconviction relief. When Appellant's motion for declariter is construed as a petition for postconviction relief, it is apparent that it should have been dismissed without a hearing because it was filed well beyond the time limits set by R.C. 2953.21(A)(2). It should also have been dismissed because the issues raised were *res judicata*. The trial court did dismiss the motion without a hearing, and therefore, the trial court's judgment is correct and is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.