[Cite as *Gotham v. Basement Care, Inc.*, 2019-Ohio-3872.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

GENE GOTHAM, et al.

    Appellants

    v.

BASEMENT CARE, INC.

    Appellee

C.A. No.     29105

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2018-03-0946

DECISION AND JOURNAL ENTRY

Dated: September 25, 2019

HENSAL, Judge.

{¶1} Gene and Cindy Gotham (the "Gothams") appeal from the judgment of the Summit County Court of Common Pleas, granting Basement Care, Inc.'s motion to stay the proceedings pending arbitration. This Court affirms.

I.

{¶2} The Gothams entered into a contract with Basement Care, Inc. to perform waterproofing work on their basement. The contract was a two-page form document. Relevantly, the first page of the contract indicated that "[t]his Agreement contains a binding arbitration provision which may be enforced by the parties." The second page contained the arbitration provision, which provided that "[a]ny controversy or claim arising out of or relating to the contact and/or agreement or breach there of shall be settled by arbitration * * *."

{¶3} The Gothams were ultimately unsatisfied with the work performed and filed a four-count complaint against Basement Care, Inc., asserting claims for breach of contract,

violations of the Consumer Sales Practices Act, and failure to perform in a workman-like manner. Basement Care, Inc. filed a motion to dismiss, or, in the alternative, a motion to stay the proceedings on the basis that the Gothams' claims fell within the scope of the arbitration provision. In response, the Gothams argued, in part, that the language in the contract indicating that the arbitration provision "may be enforced by the parties" was ambiguous because it was susceptible to more than one reasonable interpretation: it could mean that both parties must consent to arbitration, or it could mean that either party could enforce the arbitration provision. They argued that, since this language was ambiguous, the trial court was required to construe it against the drafter (i.e., Basement Care, Inc.), and conclude that the language required both parties to consent to arbitration.

**{¶4}** The trial court denied Basement Care, Inc.'s motion to dismiss, but granted its motion to stay. In doing so, the trial court concluded that the disputed language on the first page of the contract (i.e., "may be enforced by the parties") was a notice provision, putting customers on notice that the contract contained an arbitration provision. It found "no ambiguity" in this language, rejecting the Gothams' argument that it could be interpreted as requiring both parties to consent to arbitration. The Gothams now appeal, raising three assignments of error for our review. We will address the Gothams' assignments of error together.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FAILING TO FOLLOW THE PROPER LEGAL STANDARD IN DETERMINING CONTRACTUAL AMBIGUITY.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FAILING TO FIND THE FIRST PROVISION IS AMBIGUOUS.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY READING AN AMBIGUOUS CONTRACTUAL PROVISION IN FAVOR OF THE DRAFTER.

{¶5}    In their first assignment of error, the Gothams assert that the trial court failed to follow the proper legal standard for determining whether contractual language is ambiguous.  As the Ohio Supreme Court has stated, "[a]mbiguity exists only when a provision at issue is susceptible of more than one reasonable interpretation."  *Lager v. Miller-Gonzalez*, 120 Ohio St.3d 47, 2008-Ohio-4838, ¶ 16.  The Gothams argue that the trial court simply disagreed with their interpretation of the disputed language and did not determine whether their interpretation was reasonable.  If their interpretation was reasonable, they argue, then the disputed language was ambiguous.

{¶6}    We reject the Gothams' argument.  While the trial court did not specifically use the word "unreasonable" in its analysis, its order clearly rejects the Gothams' interpretation of the disputed language, ultimately concluding that "no ambiguity" existed.  We, therefore, cannot say that the trial court failed to apply the appropriate legal standard.  *See State v. Martin*, 7th Dist. Mahoning No. 12 MA 167, 2013-Ohio-2881, ¶ 8 ("A reviewing court presumes that the trial court acted correctly and applied the correct law unless the record affirmatively demonstrates otherwise.").  The Gothams' first assignment of error is overruled.

{¶7}    In their second and third assignments of error, the Gothams argue that the trial court erred by failing to determine that the disputed language was ambiguous and, consequently, failing to construe the ambiguous language against the drafter (i.e., Basement Care, Inc.).  We disagree.

{¶8}    "The interpretation of written contracts, including any assessment as to whether a contract is ambiguous, is a question of law subject to de novo review on appeal."  *Watkins v.*

*Williams*, 9th Dist. Summit No. 22162, 2004-Ohio-7171, ¶ 23.  As previously noted, "[a]mbiguity exists only when a provision at issue is susceptible of more than one reasonable interpretation." *Lager*, 120 Ohio St.3d 47, 2008-Ohio-4838, at ¶ 16.

{¶9}    Here, the trial court determined that the disputed language (i.e., "may be enforced by the parties") was not ambiguous.  In doing so, it rejected the Gothams' argument that the disputed language could reasonably be interpreted to mean that the arbitration provision required both parties to consent to arbitration.  We agree with the trial court's conclusion.

{¶10} The Ohio Supreme Court has quoted the proposition that "courts should not interpret contracts in a way that 'render[s] at least one clause superfluous or meaningless.'" *Transtar Elec., Inc. v. A.E.M. Elec. Servs. Corp.*, 140 Ohio St.3d 193, 2014-Ohio-3095, ¶ 26, quoting *Sloan & Co. v. Liberty Mut. Ins. Co.*, 653 F.3d 175, 181 (3d Cir.2011); *see also Capital City Community Urban Redevelopment Corp. v. City of Columbus*, 10th Dist. Franklin No. 08AP-769, 2009-Ohio-6835, ¶ 30 ("When interpreting a contract, we will presume that words are used for a specific purpose and will avoid interpretations that render portions meaningless or unnecessary.").  There is no dispute that parties can always agree to arbitration.  *See Travelport Global Distrib. Sys. B.V. v. Bellview Airlines Ltd.*, S.D.N.Y. No. 12CIV3483, 2012 WL 3925856, *4 (Sept. 10, 2012) ("[P]arties can always submit a dispute to arbitration if both consent.").  Thus, interpreting the language "may be enforced by the parties" to mean that both parties, collectively, must agree to arbitration would render that phrase superfluous or meaningless and, therefore, is not a reasonable interpretation.  *See State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, ¶ 50-53 (concluding that an interpretation that renders a provision meaningless is not reasonable); *Columbus & Franklin Cty. Metro. Park Dist. v. Shank*, 65 Ohio St.3d 86, 101 (1992) (noting that an interpretation that renders language redundant and

meaningless is not a reasonable interpretation); *but see Stantec Consulting Servs. v. Velotta Co.*, 9th Dist. Medina Nos. 14CA0028-M, 14CA0034-M, 2015-Ohio-2310, ¶ 9-11 (addressing an arbitration provision that required mutual agreement of the parties, but resolving the appeal on the arguments raised without considering the substantive effect of the mutual-agreement requirement). This is especially so given that the disputed language is contained within a notice provision that notifies customers of the fact that the contract contains an arbitration provision. The actual arbitration provision is located on the second page of the contract, and unambiguously provides that "[a]ny controversy or claim arising out of or relating to the contract * * * shall be settled by arbitration * * *." We, therefore, conclude that the trial court did not err when it determined that the disputed language was not ambiguous. And because the trial court did not err in this regard, it likewise did not err by not construing the disputed language against Basement Care, Inc. Accordingly, the Gothams' second and third assignments of error are overruled.

### III.

{¶11} The Gothams' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
JENNIFER HENSAL
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶12} I respectfully dissent from the judgment of the majority, as I would conclude that the disputed language is ambiguous. Thus, I would sustain the Gothams' second assignment of error.

{¶13} The sentence at issue appears near the bottom of the first page of the contract a couple of paragraphs above the signature line. The text appears in all capital letters. It states: "This agreement contains a binding arbitration provision which may be enforced by the parties." The second page consists of a numbered list of terms. Number 9 on the list is the arbitration provision which provides:

> Any controversy or claim arising out of relating to the contract and/or agreement or breach there of shall be settled by arbitration in [] accordance with the construction industry rules of the American Arbitration Association and

judg[ments] upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

{¶14} Basement Care, Inc. points to federal case law and asserts that "[a]n interpretation requiring both parties' post-contracting consent to arbitration is essentially superfluous because 'parties can always submit a dispute to arbitration if both consent.'" *Travelport Global Distrib. Sys. B.B. v. Bellview Airlines Ltd.*, S.D.N.Y. No. Civ. 2483(DLC), 2012 WL 3925856, *4 (Sept. 10, 2012). While that statement of law is not illogical, this Court in the past has concluded that arbitration provisions can require mutual consent. *See Stantec Consulting Servs., Inc. v. Velotta Co.*, 9th Dist. Medina Nos. 14CA0028-M, 14CA0034-M, 2015-Ohio-2310, ¶ 9. Therein, in *Stantec Consulting Servs., Inc.*, we determined that a provision that stated, "[i]f a dispute cannot be settled within a period of thirty (30) calendar days with the mediator, if mutually agreed, the dispute shall be referred to arbitration[,]" was "clear and reasonably susceptible to only one meaning: arbitration is mandatory only if the referral to arbitration is 'mutually agreed' by the parties after mediation has failed." *Id*.

{¶15} Accordingly, I would conclude that the phrase "may be enforced by the parties" could reasonably mean that enforcement of the arbitration clause requires the agreement of all the parties. Thus, I agree with the Gothams that the phrase is ambiguous, and that the trial court erred in concluding otherwise. I would remand the matter for the trial court to apply the rules of contract interpretation addressing ambiguous contracts in the first instance.

APPEARANCES:

BRIAN UNGER and WARNER MENDENHALL, Attorneys at Law, for Appellants.

DEAN KONSTAND, Attorney at Law, for Appellee.