[Cite as *State v. Peck*, 2013-Ohio-5526.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 MA 205 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JASON PECK | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 12 CR 554

JUDGMENT: Reversed and Remanded.
Sentence Vacated.

APPEARANCES:

For Plaintiff-Appellee: Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant: Atty. Julie Ann Walko
6600 Summit Drive
Canfield, Ohio 44406

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: December 9, 2013

WAITE, J.

{¶1} Appellant Jason Peck pleaded guilty to one count of felonious assault (a second degree felony) and one count of domestic violence (a first degree misdemeanor) in the Mahoning County Court of Common Pleas. At the sentencing hearing, he was sentenced to six years in prison. In the sentencing judgment entry, this was broken down into a sentence of six years in prison on the felony count, and twelve months in prison on the misdemeanor domestic violence count, with the sentences to be served concurrently. He now challenges his sentence for three reasons. Appellant argues that he could not be given a twelve-month prison term for a misdemeanor, since the maximum period of incarceration for a misdemeanor is 180 days. Appellant is correct, and the state concedes this argument. Appellant also contends that he was not given the proper notifications about postrelease control. Appellant is again correct, and the case must be remanded for resentencing so that the requirements regarding postrelease control are met. Finally, he believes that the two charges are allied offenses and that the failure of the trial court to merge the two charges was plain error. The record indicates that the two offenses arguably arose out of the same criminal event. There was no discussion of allied offenses at the sentencing hearing or in the sentencing judgment entry. On remand, the trial court should review whether the two charges are allied offenses. All three assignments of error have merit, and the case is remanded for resentencing to deal with the unlawful misdemeanor sentence, postrelease control, and possible allied offenses.

Procedural History

**{¶2}** On May 24, 2012, Appellant was indicted on one count of felonious assault, R.C. 2903.11(A)(1), a second degree felony, and one count of domestic violence, R.C. 2919.25(A), a first degree misdemeanor. Both crimes were alleged to have occurred on May 4, 2012. The victim of both crimes was Tara Valerio. Appellant entered a written Crim.R. 11 guilty plea to both charges on September 25, 2012. The trial court held a change of plea hearing and accepted the guilty plea. The sentencing hearing took place on October 24, 2012. The victim stated that Appellant choked her until she blacked out, gave her black eyes, and broke her nose and cheekbone. She now has severe anxiety, post-traumatic stress, and nightmares due to the assault. The court noted at the hearing that Appellant would be subject to a mandatory three-year period of postrelease control. (Tr., p. 12.) The transcript reflects that the judge did not give Appellant any other notice about postrelease control at the sentencing hearing. The judge sentenced Appellant to six years in prison.

**{¶3}** On November 1, 2012, a document was filed, which was signed by Appellant, stating that the judge gave him notice that he was subject to a mandatory period of three years of postrelease control. The document noted that if he violated postrelease control he could be subject to more restrictive sanctions, a longer period of postrelease control, an additional prison term of up to nine months, and that the maximum cumulative prison term for violation of the terms of postrelease control was one-half of the original stated prison term. There is no indication in the sentencing hearing transcript that the information in this document was actually presented by the

court to Appellant at sentencing. Although the document begins by stating: "The Court hereby notifies the Defendant as follows," the document is not signed by the trial court judge. (11/1/12 Notice.)

{¶4} The judgment entry of sentence was also filed on November 1, 2012. The court sentenced Appellant to six years in prison for felonious assault, and twelve months in prison for domestic violence, to be served concurrently. The court imposed a mandatory three-year period of postrelease control. The entry stated that Appellant was orally advised of and provided written notice of possible postrelease control sanctions for the violation of postrelease control, and that he had been given notice under R.C. 2929.19(B)(3). This appeal followed. We will begin our analysis with the second assignment of error, which has been conceded by the state.

ASSIGNMENT OF ERROR NO. 2

The trial court abused its discretion in sentencing Appellant to One Year in prison for Domestic Violence a violation R. C. § 2929.24(A)(1).

{¶5} Appellant argues that the trial court could not sentence him to 12 months in prison for a first degree misdemeanor. The maximum penalty for a first degree misdemeanor is 180 days in jail. R.C. 2929.24(A)(1). The sentencing judgment entry states that Appellant was given a 12-month prison term for his guilty plea to a first degree misdemeanor count of domestic violence. Therefore, the trial court imposed a sentence beyond the maximum allowed by law, and the state agrees that the sentence for the domestic violence charge was erroneous. Appellant's first

assignment of error is sustained, and the case must be remanded for resentencing to correct this error.

## ASSIGNMENT OF ERROR NO. 3

Pursuant to *State v. Davis*, the Sentencing Entry must be revised to include post release control language.

**{¶6}** Appellant argues that he was not properly notified about postrelease control as required by R.C. 2929.19(B)(2) and 2967.28. Based on this record, Appellant is correct.

**{¶7}** R.C. 2967.28(B) requires the trial court to include a mandatory period of three-years of postrelease control in its sentence if a prison term is imposed for a second degree felony. "[T]he imposed postrelease-control sanctions are to be included in the judgment entry journalized by the court." *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶11; *State v. Butler*, 7th Dist. No. 10 JE 14, 2011-Ohio-6366, ¶6.

**{¶8}** R.C. 2929.19(B)(2)(c) and (e) require that a trial court give notice of postrelease control to a defendant at sentencing if a prison term is imposed for a second degree felony. The court is required to notify the defendant of four things: (1) the offender will be subject to postrelease control supervision under R.C. 2967.28; (2) if the offender violates postrelease control supervision or a condition of postrelease control, the parole board may impose a term of incarceration, as part of the sentence, of up to one-half of the stated prison term originally imposed; (3) whether postrelease control is mandatory or discretionary; and (4) the duration of

postrelease control. *State v. Newsome*, 3d Dist. No. 12-12-03, 2012-Ohio-6119, ¶72; *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶27-29. This information must be told to the defendant at the sentencing hearing after the court decides to impose a prison term, and it must also be stated in the sentencing judgment entry: "The Supreme Court of Ohio has held that these statutes mandate a trial court to give notice of postrelease control both at the sentencing hearing and by incorporating it into the sentencing entry." *State v. Mock*, 187 Ohio App.3d 599, 2010-Ohio-2747, 933 N.E.2d 270, ¶45 (7th Dist.).

**{¶9}** Assuming *arguendo* that the written document the trial court used to provide notice of postrelease control contains all the required statutory information, it is not clear from the record that this information was provided to Appellant at sentencing. Further, the record reflects that not all of the requisite postrelease control notices are in the sentencing judgment entry. This matter must be remanded to correct these errors. *Singleton*, *Butler*, and *Mock*, *supra*. Typically, when the only issue on remand is to correct a postrelease control notice error, the case is remanded only to correct that error under the procedure set forth in R.C. 2929.191. Because there are multiple sentencing errors to be corrected on remand here, the court should conduct a *de novo* sentencing hearing that includes a discussion of postrelease control. To avoid future errors of this sort, the trial court should discontinue its use of its postrelease control notice form as it appears to be the sole basis used to show compliance with the statutory notice requirements. Appellant's

third assignment of error has merit, and the case is remanded for resentencing so that proper postrelease control notices may be provided at sentencing.

ASSIGNMENT OF ERROR NO. 1

The offenses of Assault and Domestic Violence, as charged against Appellant, are allied offenses of similar import thereby requiring the State to elect under which offense it wished to proceed for sentencing and forcing error when Appellant was convicted of both offenses.

{¶10} Appellant raises the issue of allied offenses, alleging that his two crimes should have merged for purposes of sentencing. The question as to whether crimes are allied offenses arises from the Double Jeopardy Clause of the Fifth Amendment, which protects individuals from multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The Ohio legislature has codified this protection in R.C. 2941.25. Under the statute, a defendant may not be punished for multiple offenses if the defendant's actions constitute allied offenses of similar import. *Id.* at syllabus. "Allied offenses" are defined in R.C. 2941.25(A): "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶11} Determining whether offenses are allied offenses within the meaning of the statute is a two-step process. The court must first determine if the multiple offenses can be committed by the same conduct, and if the answer to that question is yes, then the court must determine whether the offenses were, in fact, committed by

the same conduct with a single state of mind. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d, ¶49. If the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then the offenses will not merge. *Id.* at ¶51.

{¶12} *Johnson* overruled, in part, *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), to the extent that *Rance* called for a comparison of multiple offenses "solely in the abstract." *Johnson* at ¶44. *Rance* had attempted to create an objective standard for determining allied offenses based on comparing the statutory elements of the crimes rather than looking at the conduct of the accused. The *Rance* formula, though, sometimes led to absurd results and became unworkable. After *Johnson*, the conduct of the accused must be considered when determining whether multiple offenses are allied offenses. *Johnson* at syllabus. *Johnson* recognized that, due to the subjective nature of the analysis based on the facts of each case, some crimes may be allied offenses in certain cases, but may not be in other cases, under different facts. *Id.* at ¶52.

{¶13} Appellant did not raise the issue of allied offenses at sentencing. Generally, a defendant who fails to raise the issue of allied offenses at the trial court level waives all errors except for possible plain error on appeal. *State v. Comen*, 50 Ohio St.3d 206, 211, 553 N.E.2d 640 (1990) (allied offenses issue was forfeited on appeal because the defendant did not raise it in the trial court); *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, 857 N.E.2d 547, ¶52 (defendant waived all but

plain error by failing to raise at trial whether aggravated robbery and grand theft were allied offenses; no plain error was found in the record). We have also held on many occasions that the failure to raise the issue of allied offenses at trial constitutes a waiver of all but plain error. *State v. Stoffer*, 7th Dist. No. 09-CO-1, 2011-Ohio-5133; *State v. Simmons*, 7th Dist. No. 06 JE 4, 2007-Ohio-1570. "Plain error is one in which but for the error, the outcome of the trial would have been different." *State v. Hancock*, 7th Dist. No. 09-JE-30, 2010-Ohio-4854, ¶55, citing *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978).

**{¶14}** The Ohio Supreme Court has recognized that the failure of the trial court to account for allied offenses, when it is clear from the record that multiple offenses are allied offenses of similar import under R.C. 2941.25, is plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶31, citing *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶96-102. In *Underwood*, the defendant entered a no contest plea to two counts of aggravated theft and two counts of theft. He agreed to serve up to two years in prison. The prosecutor filed a sentencing recommendation with the trial court that noted that two of the charges were allied offenses. The court imposed sentences for all four counts, but ordered them to be served concurrently for a total of two years in prison. The defendant did not object to the sentence, but did file an appeal raising the issue of allied offenses. The Ohio Supreme Court held that the requirement to merge allied offenses is mandatory, occurs at sentencing, is reviewable on appeal even pursuant

to a Crim.R. 11 jointly agreed-upon sentence, and may be reviewed for plain error even when no allied offense objection is raised at trial. *Id.* at ¶20, 26, 31.

**{¶15}** The *Underwood* case allows for plain error review of possible allied offenses even if the sentence was imposed as part of a Crim.R. 11 plea agreement and was agreed to by the defendant. Prior to *Underwood*, it was often the practice of this Court and many others to apply the waiver doctrine where Crim.R. 11 agreed-upon sentences were involved, and to deny any further review of allied offenses, even review for plain error. *State v. Logsdon*, 7th Dist. No. 09CO8, 2010-Ohio-2536. The rationale for this holding was that R.C. 2953.08(D)(1) does not allow for review of agreed-upon sentences that are authorized by law. *Underwood*, though, held that a sentence that does not comport with the allied offense statute is not authorized by law and is reviewable for plain error. In light of *Underwood*, it is now possible in many cases involving Crim.R. 11 plea agreements for a defendant to get a plain error review of an allied offense issue. *Underwood*, though, did not change how the plain error rule actually operates. While plain error may be reviewed by an appellate court, plain error must still be demonstrated by the record.

**{¶16}** Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." There are three conditions that must be met to satisfy the plain error rule. First, there must be a deviation from a legal rule. Second, the error must be plain, meaning that the error is an obvious defect in the trial proceedings. Third, the error must have affected the defendant's substantial rights. This has been interpreted to mean that

the trial court's error must have affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Plain error should only be noticed and corrected "if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings' [.]" *Id.* at 27, quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936). In order to prevail under a plain error analysis, the appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶17.

**{¶17}** The statute prohibiting felonious assault provides that "[n]o person shall knowingly * * * [c]ause serious physical harm to another * * *." R.C. 2903.11(A)(1). Domestic violence, as defined by R.C. 2919.25(A), states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Both of these crimes can be caused by the same conduct, and thus, could present an issue of allied offenses depending on the circumstances of the two crimes.

**{¶18}** In the instant case, it appears from the indictment and the plea agreement that the two crimes could be allied offenses, particularly since the victim and the date are the same for both crimes. Whether they actually are allied offenses depends on the circumstances of the two crimes. There is no indication that the circumstances of the offenses was ever considered by the trial judge. In *State v. Williams*, 7th Dist. No. 11 MA 131, 2012-Ohio-6277, we held: "when the record suggests that multiple offenses may be allied offenses but is inconclusive, the trial

court commits plain error when it does not conduct the necessary inquiry into whether these offenses should merge for sentencing, and remanded the case for the trial court to consider the issue of merger." *Id.* at ¶76. Since the record reflects an allied offense issue, and because the matter was not considered by the trial court, the case must be remanded for the trial court to consider, based on the entire record, whether the two crimes are, in fact, allied offenses.

{¶19} Appellee contends that any error in this case could be corrected by a *nunc pro tunc* order pursuant to Crim.R. 36. A *nunc pro tunc* correction means a correction for clerical purposes so that the record will reflect what actually occurred. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶26. It cannot be used to substantively correct or change the proceedings themselves. *Id.* Since the trial court did not actually consider whether the two offenses were allied offenses, the trial court cannot fix the error *nunc pro tunc.* Appellant's first assignment of error has merit, and the case is remanded for resentencing to consider the issue of allied offenses.

### Conclusion

{¶20} Appellant raised three arguments on appeal. He argues that the trial court could not impose a 12-month prison term for a first degree misdemeanor. Appellant is correct, and the case is remanded for resentencing. Appellant also argues that the trial court did not give proper notice of postrelease control. Statutory notice of postrelease control must be included in the sentencing judgment entry and was not. The case is further remanded to provide all of the proper notices about

postrelease control. Finally, Appellant argues that the two charges to which he pleaded guilty were allied offenses and that the trial court erred by not reviewing for a determination whether allied offenses are present prior to imposing a sentence. On review for plain error, the record shows that the charges may be allied offenses and that the trial court did not conduct such a review. The case is further remanded for the trial court to review, in light of the entire record, whether the charges are allied offenses. All three assignments of error are sustained, the sentence is vacated, and the case is remanded for a *de novo* sentencing hearing.

Donofrio, J., concurs.

Vukovich, J., concurs.