[Cite as *State v. Miller*, 2014-Ohio-4009.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   13 MA 186 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| CHRISTOPHER MILLER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
                              Court, Case No. 12CR352.

JUDGMENT:                     Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellee:        Attorney Paul Gains
                               Prosecuting Attorney
                               Attorney Ralph Rivera
                               Assistant Prosecuting Attorney
                               21 West Boardman Street, 6th Floor
                               Youngstown, Ohio  44503

For Defendant-Appellant:       Attorney J. Michael Thompson
                               42 North Phelps Street
                               Youngstown, Ohio  44503

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

                               Dated:  September 8, 2014

VUKOVICH, J.

{¶1} Defendant-appellant Christopher Miller appeals the sentencing decision of the Mahoning County Common Pleas Court. As the trial court did not make consecutive sentence findings at the sentencing hearing or in the sentencing entry, the state confesses judgment. This case is reversed and remanded for a new sentencing hearing.

STATEMENT OF THE CASE

{¶2} Appellant was indicted on five counts of rape and seventeen counts of gross sexual imposition involving two teenage minors. On September 16, 2013, he pled guilty to the seventeen fourth-degree felony counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), which involves purposely compelling another to submit to sexual contact by force or threat of force. In return, the state dismissed the rape counts and agreed to stand silent at sentencing.

{¶3} At the October 17, 2013 sentencing hearing, a victim, the victims' father, defense counsel, and appellant spoke. In sentencing appellant, the court split the offenses into six groups, running the offenses within each group concurrent and running the groups themselves consecutive. Appellant was sentenced to eighteen months on each count. With the consecutive imposition among the six groupings, this totaled nine years in prison. The court labeled him a Tier I sex offender and imposed five years of post-release control.

{¶4} In support of the sentencing decision, the court recited that the court afforded the defendant all rights pursuant to Crim.R. 32, considered the record, the oral statements, the recommendation in the presentence investigation report, and the purposes and principles of sentencing in R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12. (Tr. 14-15). The court also stated that appellant was not amenable to community control and that prison was consistent with the purposes of sentencing. (Tr. 15).

{¶5} The November 26, 2013 sentencing entry set forth the sentence and recited the same statements in support of sentencing that were made at the sentencing hearing. Appellant filed a timely appeal from the sentencing order.

## ASSIGNMENT OF ERROR

**{¶6}** Appellant's assignment of error provides:

**{¶7}** "The trial court erred because it failed to make any of the statutory findings required by Ohio Revised Code Section 2929.14(C) before imposing maximum and consecutive sentences."

**{¶8}** The sole argument on appeal is that the trial court's sentence is clearly and convincingly contrary to law because the court did not make any statutorily-required finding for imposing consecutive sentences at the sentencing hearing or in the sentencing entry.[1] Appellant asserts, "the record is absolutely silent" as to the consecutive sentence findings required by R.C. 2929.14(C)(4). The state filed a one-sentence confession of judgment agreeing that the court failed to make the requisite findings under R.C. 2929.14(C) when it imposed consecutive sentences.

**{¶9}** Pursuant to R.C. 2929.14(C)(4),

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or

---

[1] Although the text of the assignment of error mentions maximum as well as consecutive sentences, there are no maximum sentence findings required under current R.C. 2929.14(C) or elsewhere and no arguments are made regarding maximum sentences.

more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶10}** This requirement for consecutive sentence findings was reenacted on September 30, 2011. Express consideration of these factors by a sentencing court imposing consecutive sentences is now standard procedure. And, the state is known to confess judgment in cases where the findings were not made at the hearing or in the entry. *See State v. Miller*, 7th Dist. No. 13MA12, 2014-Ohio-2939, ¶ 148. In fact, it has recently been established that the sentencing court must make the consecutive sentence findings *both* at the sentencing hearing *and* in the sentencing entry. *State v. Bonnell*, __ Ohio St.3d __, 2014-Ohio-3177, __ N.E.3d __, syllabus.

**{¶11}** As no consecutive sentence findings were made at the sentencing hearing, appellant must be resentenced at a new sentencing hearing where the statutory findings must be made to support the imposition of consecutive sentences. *See* i*d.* at ¶ 30 (nunc pro tunc can only be used where court made findings at the hearing but failed to place them in the entry). And thereafter, an entry must be filed that also makes the consecutive sentence findings. *See id.* at syllabus.

**{¶12}** Finally, in order to avoid any issue on resentencing, we note that the trial court imposed five years of mandatory post-release control at the sentencing hearing. (Tr. 16). However, the court did not then notify the defendant that for a violation of post-release control, the parole board can impose a prison term of up to one-half of his original sentence as required by R.C. 2929.19(B)(2)(e). This must be done at the sentencing hearing (and not merely placed in an entry). *See State v. Mikolaj*, 7th Dist. No. 13MA152, 2014-Ohio-____. *See also State v. Peck*, 7th Dist. No. 12MA205, 2013-Ohio-5526. The trial court should thus comply with R.C. 2929.19(B)(2)(e) on remand.

**{¶13}** For the foregoing reasons, appellant's sole assignment of error is sustained. The sentencing judgment of the trial court is reversed, and this case is remanded for resentencing.

Donofrio, J., concurs.
DeGenaro, P.J., concurs.