[Cite as *State v. Shinn*, 2015-Ohio-2994.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 14 MA 110 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| WILLIAM SHINN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 14CR48

JUDGMENT:     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:     Atty. Ryan D. Ingram
7330 Market Street
Youngstown, Ohio 44512

JUDGES:

Hon. Carol Ann Robb
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  July 23, 2015

ROBB, J.

{¶1} Defendant-Appellant William J. Shinn ("Appellant") appeals from his convictions and sentences entered in the Mahoning County Common Pleas Court for two counts of rape, one count of possession of cocaine and one count of domestic violence. Appellant's counsel filed a no-merit brief and requested leave to withdraw. A review of the case file and brief reveals that there are no appealable issues. Accordingly, appointed counsel's motion to withdraw is hereby granted and the convictions and sentences are affirmed in all respects.

Statement of the Case

{¶2} Appellant was indicted on February 6, 2014 for two counts of rape in violation of R.C. 2907.02(A)(2)(B), first-degree felonies; two counts of kidnapping, in violation of R.C. 2905.01(A)(2)(C) and R.C. 2905.01(A)(4)(C), both first-degree felonies; one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a), a fifth-degree felony; and one count of domestic violence in violation of R.C. 2919.25(A)(D), a fourth-degree felony.

{¶3} Appellant originally pled not guilty. The state and Appellant later reached a plea agreement whereby the state would dismiss the kidnapping charges and Appellant would plead guilty to the remaining charges. 6/2/14 Plea of Guilty pursuant to Crim.R. 11(F). Furthermore, the state agreed to recommend an aggregate term of 13 years in prison for the four crimes. After a plea colloquy, the trial court accepted the guilty plea. 6/2/14 J.E.; 5/28/14 Plea Tr. 12.

{¶4} A sentencing hearing occurred on July 17, 2014. Appellant received an aggregate sentence of 13 years. He received 6 years for each rape conviction and those sentences were ordered to be served consecutively. He received 1 year for the possession of cocaine conviction, which was ordered to be served consecutively to the sentences for rape. He also received a 1 year sentence for the domestic violence conviction, which was ordered to be served concurrently with the possession of cocaine sentence. Appellant stipulated and was classified as a Tier III sex offender. Appellant was also informed that he would be subject to 5 years of postrelease control and of the consequences for violating postrelease control. 7/28/14 J.E.

**{¶5}** Appellant timely appealed his convictions and sentences. After reviewing the record, appointed counsel filed a no-merit brief and moved to withdraw as counsel.

ANALYSIS

**{¶6}** When appellate counsel seeks to withdraw and discloses that there are no meritorious arguments for appeal, the filing is known as a no-merit brief or an *Anders* brief. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). In this district, it has also been called a *Toney* brief. *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

**{¶7}** In *Toney*, this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶8}** The no-merit brief was filed by appellate counsel on February 6, 2015. On February 23, 2015, this court informed Appellant of appellate counsel's no-merit brief and granted him 30 days to file his own written brief. 2/23/15 J.E. Appellant has not filed a brief and the time for filing a brief has passed. Accordingly, our analysis will proceed with an independent examination of the record to determine if the appeal is frivolous. Our review will encompass the following issues: 1) whether the plea was entered knowingly, intelligently, and voluntarily; and, 2) whether the sentence complies with the law.

Plea

**{¶9}** Crim.R. 11(C) provides that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently, and voluntarily. These advisements are typically divided into constitutional rights and nonconstitutional rights.

**{¶10}** The constitutional rights are: 1) a jury trial; 2) confrontation of witnesses against him; 3) the compulsory process for obtaining witnesses in his favor; 4) the state must prove the defendant's guilt beyond a reasonable doubt at trial, and 5) the defendant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); *State v. Veney*, 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 19–21. The trial court must strictly comply with these requirements; if it fails to strictly comply, the defendant's plea is invalid. *Veney* at ¶ 31; *State v. Ballard*, 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981).

**{¶11}** The nonconstitutional rights that the defendant must be informed of are: 1) the nature of the charges; 2) the maximum penalty involved, which includes, if applicable, an advisement on postrelease control; 3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions, and 4) after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10–13; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008–Ohio–509, 423 N.E.2d 1224, ¶ 19–26, (postrelease control is a nonconstitutional advisement). For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance

means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15, quoting *Nero* at 108. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15, citing *Nero* at 108.

**{¶12}** After reviewing the record, we hold that the trial court's advisement on the constitutional rights strictly complied with Crim.R. 11(C)(2)(c). Appellant was informed and indicated that he understood by pleading guilty he was waiving his right to a jury trial, his right to confront witnesses against him, his right to subpoena witnesses in his favor, and his right to have the state prove beyond a reasonable doubt every element of the indicted offenses. 5/28/14 Plea Tr. 5-6. He was also informed and stated he understood that if he went to trial he could not be compelled to testify against himself. 5/28/14 Plea Tr. 6.

**{¶13}** As to the nonconstitutional rights, Appellant was advised that he was charged with two counts of rape, one count of possession of cocaine and one count of domestic violence. 5/28/14 Plea Tr. 2-4. Appellant was informed that the maximum penalty for each rape offense was 11 years and a $20,000 fine. The trial court also advised him that those crimes require a mandatory prison term. 5/28/14 Plea Tr. 7. Appellant was also informed that the maximum penalty for the possession of cocaine offense is 1 year in prison and a $2,500 fine, and that the maximum penalty for the domestic violence offense is 18 months and a $5,000 fine. 5/28/14 Plea Tr. 7-8. The trial court also explained to Appellant that following his release from prison he would be subject to 5 years of postrelease control and the consequences for violating postrelease control. 5/28/14 Plea 8-9. The trial court further explained that while it could proceed directly to sentencing after accepting the plea, it was not going to do so. 5/28/14 Plea 6. We hold that these advisements complied with Crim.R. 11(C)'s mandates for the nonconstitutional rights.

**{¶14}** Consequently, for the above reasons, there are no appealable issues concerning the plea. The record confirms that the plea was intelligently, voluntarily, and knowingly entered.

## Sentencing

**{¶15}** This court is currently split as to the standard of review to apply in felony sentencing cases. *See State v. Hill*, 7th Dist. No. 13 MA 1, 2014–Ohio–919 (Vukovich, J., Donofrio, J., majority with DeGenaro, J., concurring in judgment only with concurring in judgment only opinion); *State v. Wellington,* 7th Dist. No. 14 MA 115, 2015–Ohio–1359 (Robb, J., DeGenaro, J., majority with Donofrio, J. concurring in judgment only with concurring in judgment only opinion).

**{¶16}** One approach is to apply the test set forth in the plurality opinion in *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 26. *Hill* at ¶ 7-20. Under the *Kalish* test, we must first examine the sentence to determine if it is "clearly and convincingly contrary to law." *Kalish* at ¶ 26 (O'Connor, J., plurality opinion). Next, if the sentence is clearly and convincingly not contrary to law, the appellate court reviews the sentence to determine if the trial court abused its discretion in selecting a sentence within the permissible statutory range. *Id.* at ¶ 17 (O'Connor, J., plurality opinion).

**{¶17}** The other approach is to strictly follow R.C. 2953.08(G), which provides that appellate courts are only to review felony sentences to determine if they are contrary to law. R.C. 2953.08(G) does not contain an abuse of discretion component. *Wellington* at ¶ 9-14.

**{¶18}** The issue of which felony sentencing standard of review is applicable is currently before the Ohio Supreme Court. *State v. Marcum*, 141 Ohio St.3d 1453, 2015–Ohio–239, 23 N.E.3d 1453. The certified question the Court has accepted is, "[D]oes the test outlined by the [c]ourt in *State v. Kalish* apply in reviewing felony sentences after the passage of R.C. 2953.08(G)?" *Id.*

**{¶19}** As will be seen in this case, regardless of what standard is employed, the result in this case is the same - there are no appealable sentencing issues.

**{¶20}** In determining the appropriate sentence, the trial court is directed to consider the purposes and principles of sentencing as espoused in R.C. 2929.11, the seriousness and recidivism factors enumerated in R.C. 2929.12, and the permissible statutory ranges as set forth in R.C. 2929.14.

**{¶21}** The trial court in its judgment entry clearly indicated that it considered R.C. 2929.11 and R.C. 2929.12 in determining the appropriate sentence. 7/28/14 J.E. Furthermore, the sentences ordered were within the permissible range. The rape convictions are first-degree felonies and the permissible sentencing range is 3 to 11 years. R.C. 2929.14(A)(1). The trial court sentenced Appellant to 6 years for each rape conviction, which is within the permissible range. The domestic violence conviction is a fourth-degree felony and the permissible sentencing range for that conviction is 6 through 18 months. R.C. 2929.14(A)(4). The trial court sentenced Appellant to 1 year for the domestic violence conviction, which is also within the permissible range. The possession of cocaine conviction is a fifth-degree felony and the permissible sentencing range for that conviction is 6 through 12 months. R.C. 2929.14(A)(5). As with the other sentences, the trial court's 1 year sentence for the possession of cocaine conviction was within the permissible range.

**{¶22}** Issuing the aggregate sentence of 13 years, the trial court ordered some of the sentences to be served consecutively. R.C. 2929.14(C) mandates that certain findings must be made prior to ordering consecutive sentences:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the

courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶23} The Ohio Supreme Court has stated that when a trial court imposes a consecutive sentence it must make the required findings at the sentencing hearing, and it must incorporate those findings into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 654, ¶ 29.

{¶24} Here, the trial court complied with that mandate. At the sentencing hearing, the trial court stated:

> So taking everything into account, the Court does find that consecutive sentencing is necessary to protect the public from future crime and to punish this defendant, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the defendant poses to the public, and that these offenses, at least two of the offenses, were committed as part of one or more courses of conduct and are caused by two or more of these offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. [sic]

7/17/14 Sentencing Tr. 16-17.

{¶25} In the judgment entry the trial court stated:

> The Court finds that in order to protect the public from future crime and not punish the Defendant disproportionately and pursuant to §2929.14(C)(4) that a prison term is necessary due to Defendant's previous convictions and a high risk of recidivism.

Therefore, the Court finds that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public. Further, a single term does not adequately reflect the seriousness of the conduct of the Defendant.

7/28/14 J.E.

**{¶26}** The above indicates that the trial court complied with the mandates in *Bonnell* and R.C. 2929.14(C). Therefore, there are no potential appealable errors in regards to imposition of consecutive sentences.

**{¶27}** The next portion of the sentence that is reviewable is the postrelease control sentence. R.C. 2929.19(B)(2)(c) and (e) require that a trial court give notice of postrelease control to a defendant at sentencing if a prison term is imposed for a first-degree felony, a second-degree felony, or for a felony sex offense. *See State v. Peck*, 7th Dist. No. 12 MA 205, 2013-Ohio-5526, ¶ 8. Here, Appellant was convicted of first-degree rape and thus, a postrelease control advisement was required at sentencing. In *Peck* we explained that the court is required to notify the offender that:

(1) the offender will be subject to postrelease control supervision under R.C. 2967.28; (2) if the offender violates postrelease control supervision or a condition of postrelease control, the parole board may impose a term of incarceration, as part of the sentence, of up to one-half of the stated prison term originally imposed; (3) whether postrelease control is mandatory or discretionary; and (4) the duration of postrelease control.

*Id.*

**{¶28}** We further explained that this information must be told to the defendant at the sentencing hearing and must also be stated in the sentencing judgment entry. *Id.*

**{¶29}** The trial court complied with these mandates. Appellant was told at the sentencing hearing and it was stated in the judgment entry that he would be subject to 5 years of postrelease control under R.C. 2967.28. Also, the trial court stated the consequences for violating postrelease control at the sentencing hearing and those advisements were reiterated in the judgment entry. 7/17/14 Sentencing Tr. 19-20;

7/28/14 J.E. Therefore, there are no appealable sentencing issues regarding postrelease control.

**{¶30}** The last potential appealable sentencing issue is sex offender classification. Appellant stipulated that he was required to be classified as a Tier III Offender because of the first-degree felony rape convictions. The trial court classified him as such. 7/28/14 J.E. Considering Appellant stipulated to the classification and R.C. 2950.01(G)(1)(a) clearly indicates that a Tier III classification is appropriate, there are no appealable errors as to the specific classification. Furthermore, there are no errors in the notice of duties judgment entry. 7/28/14 J.E. Hence, there are no appealable issues concerning sex offender classification and notice requirements.

**{¶31}** Given the above, we hold that there are no appealable issues regarding the sentence imposed.

Conclusion

**{¶32}** For the reasons expressed above, there are no appealable issues. The conviction and sentence are hereby affirmed and counsel's motion to withdraw is granted.

Waite, J., concurs.

DeGenaro, J. concurs.