[Cite as *State v. Roseberry*, 2012-Ohio-4115.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 BE 21 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MARTHA ROSEBERRY | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of Common Pleas of Belmont County, Ohio Case No. 09 CR 166

JUDGMENT:      Conviction Affirmed. Sentence Vacated. Remanded.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Christopher Berhalter
Belmont County Prosecutor
Atty. Scott Lloyd
Assistant Prosecuting Attorney
147-A West Main Street
St. Clairsville, Ohio 43950

For Defendant-Appellant:      Atty. J. Dean Carro
Appellate Review Office
University of Akron
School of Law
Akron, Ohio 44325-2901

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: September 6, 2012

WAITE, P.J.

{¶1}  Appellant Martha Roseberry is appealing the sentence she received after pleading guilty to complicity to rape of a minor under 13 years old and pandering sexually oriented material involving a minor.  The court sentenced Appellant to ten years to life in prison on the rape charge and six years in prison on the pandering charge, to be served consecutively.  Appellant contends that the trial court engaged in impermissible judicial factfinding when it imposed more than the minimum prison term for the charge of pandering sexually oriented material involving a minor.  Appellant relies on *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and related cases for the proposition that a sentencing judge has no ability to engage in discretionary judicial factfinding.  In so doing, Appellant fundamentally misinterprets *Foster*, which struck down mandatory judicial factfinding, but did not remove the discretion of the trial judge to consider a multitude of factors at sentencing.  Appellant further argues that the trial court erred when it concluded that she had no remorse for her crimes, but the record does not support Appellant's argument.  Finally, Appellant is correct that the trial court failed to give her proper notice of post-release control and that she is entitled to a new sentencing hearing to deal solely with the issue of post-release control.  The sentence is vacated and remanded for the purpose of conducting a post-release control hearing pursuant to R.C. 2929.191.

Background

**{¶2}** On April 25, 2009, Appellant was indicted on three counts of complicity to rape, R.C. 2907.02(A)(1)(b) and R.C. 2923.03(A)(2), a first degree felony, and three counts of pandering sexually oriented material involving a minor, R.C. 2907.322(A)(1), a second degree felony. On December 18, 2009, she entered a guilty plea to one count of complicity to rape and one count of pandering sexually oriented material involving a minor. The rape count carried a penalty of ten years to life in prison. The pandering charge had a sentencing range of two to eight years in prison. On February 5, 2010, the court held a sentencing hearing. Appellant did not give any statement in mitigation of punishment. Appellant's counsel stated that Appellant did not remember taking any of the photographs and that she committed the crimes because her husband would withhold sexual contact with her if she did not participate in the crimes. The prosecutor indicated that there was no evidence that Appellant was forced to participate in the crimes and asked for the maximum sentence to be imposed on both counts, to run consecutively. The presentence investigation report (PSI) revealed that Appellant had prior misdemeanor offenses, but no felony convictions. The PSI contained a statement from Appellant that she felt badly about what she had done, but also revealed that Appellant blamed the victims, in part, for the crimes. The record indicates that Appellant also blamed her husband for the crimes, rather than taking responsibility herself.

**{¶3}** The court found that the injury was exacerbated by the age of the victims, who were under the age of 13 and that victims presumptively suffered

psychological harm. The court found that Appellant had only begun to show true remorse for her crimes. (2/5/10 Tr., p. 17.) The court found that Appellant planned the crimes "to please the sexually deviant desires of her husband and herself," and that her relationship to the victims (as the mother of one of the children and the family friend of another) facilitated the crimes. The court found that Appellant's stated fear of beatings from her husband was a factor to consider in sentencing. The court found that Appellant had prior misdemeanor convictions, no juvenile delinquency adjudications, and had not previously served time in prison. The court sentenced Appellant to ten years to life in prison on the rape charge and six years in prison for pandering, to be served consecutively. This appeal timely followed.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT ROSEBERRY TO A PRISON TERM BEYOND THE STATUTORY PRESUMPTIVE TERM BASED ON ADDITIONAL FACTS THAT WERE NOT ADMITTED BY APPELLANT ROSEBERRY, NOR FOUND BY A JURY, IN VIOLATION OF APPELLANT ROSEBERRY'S SIXTH AMENDMENT RIGHT TO HAVE ALL FACTS PROVEN TO A JURY BEYOND A REASONABLE DOUBT.

{¶4} Appellant contends that the trial court was not permitted to make a discretionary finding during sentencing that the victims presumptively suffered serious psychological and emotional harm, and that this finding violates the Sixth Amendment in light of the holdings of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-

856, 845 N.E.2d 470, and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Appellant is not arguing that the trial court abused its discretion or that the finding was against the weight of the evidence. Appellant is simply arguing that discretionary factfinding at sentencing is unconstitutional.

**{¶5}** Appellant understands that the constitutional problem in *Foster* and *Blakely* was mandatory, rather than discretionary, judicial factfinding. Mandatory judicial factfinding as a prerequisite to imposing a sentence violates the Sixth Amendment when it allows a sentencing judge instead of the jury to determine facts that increase the penalty for a crime beyond the statutory maximum. *Foster* at ¶53. Appellant also understands that mandatory judicial factfinding has been abandoned in Ohio since *Foster*, and that the trial court instead used its discretion in determining factors relevant to sentencing. Appellant nevertheless asserts that trial judges are not permitted to engage in any type of judicial factfinding at sentencing, including discretionary factfinding. Appellant acknowledges that her reasoning flies in the face of many rulings of this Court and of every other court in Ohio. *See, e.g., State v. Moore*, 7th Dist. No. 06 MA 60, 2007-Ohio-1574, ¶9 ("After *Foster*, a sentencing court has discretion to consider any factors it finds relevant."). Appellant's position also appears to contradict the holding of *Foster*: "Our remedy does not rewrite the statutes but leaves courts with full discretion to impose a prison term within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings that *Blakely* prohibits." *Id.* at ¶102. Appellant concedes that the trial judge could have sentenced her to six years in prison if no

factual findings had been made by the trial judge. (Appellant's Brf., p. 13.) Based on the contradictory nature of Appellant's argument, the fact that sentencing discretion was restored to sentencing judges, and the fact that there is no support in caselaw, statutes, or any other authority, we must reject Appellant's argument.

{¶6} Appellant also proposes that the presumptive minimum prison term for first-time offenders should have been imposed in this case. Although there was such a presumptive minimum prior to *Foster*, found in R.C. 2929.14(B), this presumption was held to be unconstitutional and severed from the sentencing statutes as part of the *Foster* ruling: "All references to mandatory judicial fact-finding properly may be eliminated in the four areas of concern. Without the mandatory judicial fact-finding, there is nothing to suggest a 'presumptive term.' " *Id.* at ¶96. *Foster* specifically severed R.C. 2929.14(B) from the sentencing statutes, and it was this section that contained the presumption of a minimum sentence for first time felons. *Id.* at ¶97. Thus, there is no basis for Appellant's argument that a presumptive minimum prison term should have been imposed.

{¶7} R.C. 2929.12 grants the sentencing judge discretion "to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(B)(2) directs the trial court to consider whether the victim suffered serious psychological harm as a result of the offense. *Foster* held that while R.C. 2929.12 does not require judicial factfinding, it does require judicial consideration of the factors listed in the statute. As such, it does not violate the Sixth Amendment. *Id.* at ¶42. The trial judge in this case concluded that the young victims suffered serious

psychological harm.  The trial judge correctly considered the factors in R.C. 2929.12(B), found that the "psychological harm" factor applied, and imposed a prison term within the statutory range.  Appellant has not raised any possible constitutional violation as a result of the trial court's actions, and the first assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING IN VIOLATION OF R.C. 2953.08(A)(4), WHEN THE TRIAL COURT BASED ITS SENTENCE ON A FINDING THAT APPELLANT ROSEBERRY HAD FAILED TO SHOW REMORSE AND HAD FAILED TO ACCEPT RESPONSIBILITY FOR HER ACTIONS, WHEN IN FACT THE PRE-SENTENCE INVESTIGATION REPORT SHOWS APPELLANT ROSEBERRY REGRETTED HER ACTIONS.

**{¶8}**    Appellant here argues that the trial court improperly concluded that she did not show remorse for her crime.  Appellant insists that she did show remorse.  R.C. 2929.12(D)(5) allows the trial court to consider whether "[t]he offender shows no genuine remorse for the offense."   Lack of genuine remorse is an appropriate consideration for sentencing, even for a convicted defendant who maintains his or her innocence.  *State v. Caver*, 8th Dist. No. 91443, 2009-Ohio-1272, ¶122 fn. 11.  Moreover, it is well-settled that credibility is for the trier of fact to determine, and a reviewing court should give deference to the credibility determinations of the trial court.  *Myers v. Garson*, 66 Ohio St.3d 610, 614, 614 N.E.2d 742 (1993).

{¶9}   The record reflects that Appellant made no statement and presented no evidence at the plea hearing or at sentencing.  Therefore, there is no direct testimony from Appellant that could possibly demonstrate her claimed remorse.  Further, the trial court actually found that Appellant "has only begun to demonstrate genuine remorse," which indicates that the court did consider that she may have remorse. (2/5/10 Tr., p. 17.)  Appellant's counsel stated at sentencing that she committed the crimes because her husband refused to have sexual contact with her if she refused. This is not a statement of remorse.  Instead, it is a statement intended to shift the blame to her husband.  Appellant contends that the PSI contains her statement of remorse.  The PSI also reveals that she partially blamed the victims for the crimes. Any expression of remorse in the PSI appears to show remorse at being caught and punished for the crimes rather than remorse for having committed the crimes. Therefore, there was no error in the trial court using lack of remorse as a factor in sentencing, and the second assignment of error is overruled.

ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED IN FAILING TO NOTIFY APPELLANT ROSEBERRY OF A MANDATORY POST-RELEASE CONTROL TERM IN VIOLATION OF R.C. 2967.28(B)(1).

{¶10}  Appellant argues that the trial court was required by R.C. 2967.28(B) to notify her at sentencing that she was subject to a period of mandatory post-release control.  Appellant contends that she is entitled to resentencing pursuant to R.C. 2929.191, and Appellant is correct, here.

{¶11} Appellant was convicted of complicity to rape, R.C. 2907.02(A)(1)(b). This is defined as a first degree felony in R.C. 2907.02(B). Appellant was also convicted of pandering sexually oriented material involving a minor, R.C. 2907.322(A)(1), a second degree felony.

{¶12} When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about post-release control, and the court must incorporate that notice into its sentencing judgment entry. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. A trial court's failure to properly notify a felony offender of post-release control renders the sentence partially void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶27-29. For sentences imposed after July 11, 2006, the appropriate remedy in correcting the trial court's partially void sentence is to resentence the offender pursuant to R.C. 2929.191. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph two of the syllabus; *State v. Pullen*, 7th Dist. No. 11 MA 10, 2012-Ohio-1498, ¶15.

{¶13} Appellant was sentenced on February 8, 2010. She was not notified of post-release control. The trial court stated that it was not required to notify Appellant of post-release control because she received an indeterminate sentence of ten years to life on the complicity to rape conviction. (2/8/10 J.E., p. 5.) The trial court was incorrect as to this statement. R.C. 2967.28(B) requires the trial court to notify the offender of post-release control "for a felony of the first degree, for a felony of the second degree, [and] for a felony sex offense". Although Appellant's rape charge

contained an indeterminate sentence, it is specifically designated as a first degree felony, and it is also a felony sex offense. Thus, pursuant to R.C. 2967.28(B), notice of post-release control is required for first degree felony rape offenses, even though the offender may never be released from prison after being sentenced to an indeterminate prison term.

{¶14} In *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, the Ohio Supreme Court concluded that R.C. 2967.28(B) requires notice of post-release control for a defendant who receives an indefinite sentence of life in prison, with the possibility of parole, for a first-degree felony conviction. The defendant in *McCormick* was convicted of rape and was sentenced to ten years to life in prison, similar to the circumstances of Appellant in the instant appeal. The Supreme Court determined that "[b]ecause R.C. 2967.28(B)(1) is phrased in broad, sweeping language, we must accord it broad, sweeping application." *Id.* at ¶20. "Although it could be implied from this section that postrelease control is unnecessary for indefinite or life sentences, there is no specific language in either this or other provisions that modifies the express language in R.C. 2967.28(B)(1) requiring post-release control." *Id.*

{¶15} *McCormick* also held that notice of post-release control must be given if any one of the sentences imposed is a definite sentence for which notice is required. *Id.* In addition to rape, Appellant was convicted of a second degree felony sex offense of pandering. This offense, in and of itself, required notice of post-release control as part of the sentence.

{¶16} Although Appellant did receive an indeterminate sentence of ten years to life in prison, she was still subject to the requirements of the post-release control statute. Therefore, the trial court erred in failing to notify Appellant of post-release control. There is no question that the trial court did not give Appellant notice of post-release control as required by R.C. 2967.28, and the court explained why it was not giving such notice. The remedy, when dealing with criminal defendants sentenced after July 11, 2006, is resentencing pursuant to R.C. 2929.191. This is not a case in which the defendant was notified of post-release control at the sentencing hearing, but the notice was omitted from the sentencing judgment entry. Hence, the error cannot simply be corrected by a nunc pro tunc entry. *See State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718. By law, Appellant is entitled to resentencing under R.C. 2929.191. This assignment of error is sustained.

## CONCLUSION

{¶17} In conclusion, Appellant challenges three aspects of her sentence in this appeal. In Appellant's first assignment of error she incorrectly argues that the trial court had no discretion to consider, as a factor in sentencing, whether the victims suffered psychological harm. *Foster* gave the sentencing court full discretion to consider all relevant factors during sentencing. Psychological harm is mentioned as a factor in R.C. 2929.12(B)(2), and the trial court properly considered it during sentencing. Appellant next argues that she showed some remorse at sentencing, and that the trial court should not have concluded that she showed no genuine remorse. The record does not support Appellant's argument. Appellant blamed her

husband and the victims for the crimes rather than taking responsibility herself, and certain aspects of the PSI show little, if any, remorse for her crimes. Finally, Appellant requests a resentencing hearing because the trial court failed to notify her of post-release control. Appellant is correct, and resentencing should occur pursuant to R.C. 2929.191. Appellant's conviction is affirmed. Appellant's sentence is vacated and the cause is remanded for the limited purpose of properly imposing post-release control in accordance with R.C. 2929.191.

Vukovich, J., concurs.

DeGenaro, J., concurs.