[Cite as *State v. Wells*, 2014-Ohio-5504.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 14 JE 5 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JOHN WELLS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of Common Pleas of Jefferson County, Ohio
Case No. 97 CR 163

JUDGMENT: Vacated in Part.
Reversed and Remanded.

APPEARANCES:

For Plaintiff-Appellee: Atty. Jane M. Hanlin
Prosecuting Attorney
Jefferson County Justice Center
16001 State Route 7
Steubenville, Ohio 43952

For Defendant-Appellant: John Wells, Pro se
#344-727
Marion Correctional Institution
P. O. Box 57
940 Marion-Williamsport Road
Marion, Ohio 43302

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: December 12, 2014

WAITE, J.

{¶1} *Pro se* Appellant John Wells alleges, via a postconviction motion, that his 1997 sentence is partially void due to the failure of the trial court to properly impose postrelease control as part of his sentence imposed for five counts of rape of a child under 13 years old. The charges stemmed from the repeated rape and molestation of his three minor daughters. He is serving a life sentence. He contends that the trial court erred in imposing postrelease control. Appellant is correct, and the matter is remanded for a new sentencing hearing limited to the single issue of postrelease control.

## Background

{¶2} On October 10, 1997, Appellant was indicted on five counts of rape of a child under the age of thirteen, in violation of R.C. 2907.02(A)(1)(b). Two of the counts also contained an allegation that Appellant used force or threat of force to accomplish the rape. The victims were his three daughters.

{¶3} A jury trial commenced on December 16, 1997 and the following day the jury returned verdicts of guilty on all counts. On December 24, 1997, Appellant was sentenced to two life sentences and three ten-year terms of imprisonment, all to be served consecutively. In addition, the trial court classified Appellant as a sexually violent predator. He filed a direct appeal, and the conviction and sentence were affirmed. *State v. Wells*, 7th Dist. No. 98-JE-3, 2000 WL 309401 (Mar. 22, 2000).

{¶4} On January 22, 2014, Appellant filed a document he titled "Motion to Hold a Hearing and to Correct the Illegal and Void Postrelease Control." On

February 5, 2014, the court overruled the motion.  This timely *pro se* appeal was filed on March 5, 2014.  The state has not filed an Appellee's brief in this matter.

<u>ASSIGNMENT OF ERROR</u>

The Postrelease Control Imposed by the Trial Court is Illegal and Void as it was Imposed in a Manner Contrary to Law, Requiring the Trial Court to Vacate the Void and Illegal Postrelease Control, and to Hold a Hearing to Correct the Void a [sic] Illegal Postrelease Control.

**{¶5}**   Appellant argues that the court erred in its notice of postrelease control at sentencing.  Appellant argues that errors occurred both at the sentencing hearing and in the sentencing judgment entry.  Appellant cites *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, for the proposition that an error in imposing postrelease control can be raised at any time, even on collateral attack, and is not subject to *res judicata*.  Appellant is correct.

**{¶6}**   In *Fischer*, the Ohio Supreme Court held that "[a] sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack."  *Fischer* at paragraph one of the syllabus.  The *Fischer* Court determined that only that part of the sentence dealing with postrelease control should be voided: the remaining aspects of the conviction and sentence should not be disturbed.  *Id.* at ¶27.

**{¶7}** R.C. 2929.19(B) requires the sentencing judge to give notice of postrelease control to a defendant sentenced on a first degree felony. The version of R.C. 2929.19(B)(3)(c) in effect when Appellant was sentenced stated:

(3) Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

* * *

(c) Subject to division (B)(4) of this section, if the offender is being sentenced for a felony of the first degree * * * notify the offender that *a period of post-release control pursuant to section 2967.28 of the Revised Code shall be imposed following the offender's release from prison and that for a violation of a post-release control sanction imposed upon the offender the parole board may impose a residential sanction that includes a new prison term of up to nine months*[.] (Emphasis added.)

**{¶8}** Appellant was sentenced on five first degree felonies. There were three ten-year prison terms and two life terms. The sentencing entry does not state that the prison terms consisted of life without parole. Notice of postrelease control is required even for life sentences if the possibility of parole exists, or if any one of the sentences in a multi-count sentencing entry is a definite sentence for a specific term of years. *State v. Roseberry*, 7th Dist. No. 11 BE 21, 2012-Ohio-4115, ¶14-15.

**{¶9}** The December 24, 1997, sentencing entry states:

Upon completion of the prison term, the offender shall be subject to such further period of supervision being under post-release control as the parole board may determine pursuant to law. As authorized by law, the Adult Parole Authority may increase or reduce restrictions imposed by the parole board. If the Defendant violates the terms of post-release control, the parole board may return the offender to prison for a maximum period of nine months for each violation, but the total period of additional prison time imposed by the parole board for violations while under post-release control shall not exceed one-half of the Defendant's stated prison term. If the Defendant is convicted of a felony committed while under post-release control, the Court having jurisdiction over the new felony may return the Defendant to prison under this case for an additional period of time as authorized by law and any prison term for the new felony may be served consecutively with the extension of prison time in this case. If the Court imposes additional prison time in this case the Defendant shall be credited with any additional prison time imposed by the parole board for the same violation.

**{¶10}** The notice of postrelease control provided in the judgment entry conforms to the requirements of R.C. 2929.19(B)(3)(c) as it existed in December 1997. It stated that a period of postrelease control shall be imposed pursuant to R.C.

2967.28, and for a violation of postrelease control a new sanction may be imposed, including a residential sanction.  Most of this information, though, was not delivered to Appellant at the sentencing hearing.  In Ohio, the notices regarding postrelease control must be delivered directly to the defendant either at the plea hearing or at the sentencing hearing, as well as in the sentencing judgment entry.  *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶18; *Woods v. Telb*, 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000), paragraph two of the syllabus; *State v. Mock*, 187 Ohio App.3d 599, 2010-Ohio-2747, 933 N.E.2d 270, ¶45 (7th Dist.).  Failure to deliver the R.C. 2929.19 notice of postrelease control at the plea or sentencing hearings requires a remand for resentencing, but resentencing only on the specific issue of postrelease control.  *Fisher* at ¶36.

**{¶11}** Additional postrelease control notice requirements that apply when a prison term is imposed are contained in R.C. 2967.28.  The version of R.C. 2967.28(B) in effect when Appellant was sentenced stated:

(B)  Each sentence to a prison term for a felony of the first degree * * * shall include a requirement that *the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment.  Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:*

(1) For a felony of the first degree or for a felony sex offense, *five years*[.] (Emphasis added.)

**{¶12}** The court's notice in the sentencing entry correctly states that Appellant shall be subject to postrelease control by the parole board, but fails to state that the length of postrelease control shall be five years. The Supreme Court has determined that the notice was insufficient without mentioning the length of postrelease control. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶69. Further, the trial court stated at the sentencing hearing that postrelease control would be "at least" five years, rather than exactly five years, unless reduced by the parole board. (12/24/97 Tr., p. 10.) Appellant cites no cases that find error with the words "at least" in this context. One court has held that the use of the phrase "at least" is error but does not rise to reversible error because it still serves the purpose of putting the defendant on notice that, at minimum, there will be five years of postrelease control. *State v. Tucker*, 8th Dist. No. 95289, 2011-Ohio-1368. Nevertheless, R.C. 2967.28(B) states that there "shall be" five years of postrelease control rather than "at least" five years, and as the state has failed entirely to respond in this matter, use of the phrase "at least" in the context of this appeal is error and should be corrected on remand.

**{¶13}** Appellant argues that the trial court also erred by stating that, if the violation of postrelease control is a felony, he *may be* prosecuted for a new offense rather than saying he *shall be* prosecuted for a new offense. (12/24/97 Tr., p. 10.) The version of R.C. 2967.28(F)(4) in effect when Appellant was sentenced stated: "A

releasee who has violated any post-release control sanction or the mandatory condition described in division (A) of section 2967.131 of the Revised Code imposed upon the releasee by committing a felony *may be prosecuted* for the new felony * * *." (Emphasis added.)  The trial court tracked the language of the statute and committed no error here.

**{¶14}** Appellant raises other errors unrelated to his arguments on postrelease control, but the Ohio Supreme Court has made it very clear that no other issues may be raised when making a collateral attack on a sentence based on an error in imposing postrelease control.  *Fischer* at ¶31.  This is because any other alleged errors raised by Appellant regarding his sentence could have been raised in his original appeal and are now *res judicata*, *State v. Wells*, 7th Dist. No. 98-JE-3, 2000 WL 309401 (Mar. 22, 2000).

Conclusion

**{¶15}** The trial court failed to give Appellant the proper notices regarding postrelease control, and that portion of the sentence dealing with postrelease control is hereby vacated and the case remanded for a new hearing solely on the issue of postrelease control.

Donofrio, J., concurs.

Vukovich, J., concurs.