[Cite as *State v. Wells*, 2016-Ohio-892.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 15 JE 7 |
| VS. | ) | |
| | ) | OPINION |
| JOHN WELLS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
                              Pleas of Mahoning County, Ohio
                              Case No. 97 CR 163

JUDGMENT:                     Affirmed in part; Reversed and
                              Remanded in part for Limited
                              Resentencing for Post-Release Control

APPEARANCES:
For Plaintiff-Appellee        Attorney Jane Hanlin
                              Jefferson County Prosecutor
                              16001 State Route 7
                              Steubenville, Ohio 43952

For Defendant-Appellant       John Wells, Pro Se
                              #344-727
                              P.O. Box 57
                              Marion, Ohio 43302

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

                              Dated: March 4, 2016

DeGENARO, J.

{¶1} Defendant-Appellant, John Wells, appeals the judgment of the Jefferson County Court of Common Pleas resentencing him pursuant to this Court's prior remand limited to the advisement and imposition of post-release control. All of the assigned errors raised by Wells in this appeal are dismissed as they are barred from consideration by the doctrine of res judicata except for the assigned error relative to the imposition of post-release control, which is meritorious. Accordingly, the case is remanded for the trial court to provide Wells with the proper post-release control notifications.

{¶2} Wells has filed multiple appeals to this Court, with the opinion in the most recent appeal outlining the pertinent facts regarding his trial and direct appeal:

On October 10, 1997, Appellant was indicted on five counts of rape of a child under the age of thirteen, in violation of R.C. 2907.02(A)(1)(b). Two of the counts also contained an allegation that Appellant used force or threat of force to accomplish the rape. The victims were his three daughters.

A jury trial commenced on December 16, 1997 and the following day the jury returned verdicts of guilty on all counts. On December 24, 1997, Appellant was sentenced to two life sentences and three ten-year terms of imprisonment, all to be served consecutively. In addition, the trial court classified Appellant as a sexually violent predator. He filed a direct appeal, and the conviction and sentence were affirmed. *State v. Wells*, 7th Dist. No. 98–JE–3, 2000 WL 309401 (Mar. 22, 2000).

*State v. Wells*, 7th Dist. No. 14 JE 5, 2014-Ohio-5504, ¶2-3

{¶3} On January 22, 2014, Wells filed a document he titled "Motion to Hold a Hearing and to Correct the Illegal and Void Postrelease Control." The trial court overruled the motion and he appealed. We held that the trial court "failed to give Wells the proper notices regarding postrelease control, and that portion of the sentence dealing with postrelease control is hereby vacated and the case remanded

for a new hearing solely on the issue of postrelease control." *Id.* ¶15.

**{¶4}** On February 23, 2015 a resentencing hearing was held advising Wells of post-release control pursuant to our remand. Wells appealed this judgment, but subsequently filed a motion contending the entry was not a final, appealable order. We agreed and remanded the case to allow the trial court to enter a sentencing order that complied with Crim.R. 32 and imposed a term of incarceration that included the post-release control notice. At the July 23, 2015 resentencing hearing Wells made several arguments regarding his conviction and sentence that the trial court refused to consider; the trial court imposed post-release control and issued a judgment entry on July 28, 2015, to comply with Crim.R. 32.

**{¶5}** Wells asserts five assignments of error:

The Judgment Entry of Resentencing Journalized by the Trial Court March 06, 2015, is not a "Judgment" as Defined by Crim.R. 32(C), as it fails to Set Forth any of Several Substantive Matters Required by Said Rule, Fails to Incorporate the Entire Judgment in a Single Document, and Requires Reference to a Separate Document, the Original Sentencing Entry, In Order to Attempt to Determine What the Entire Judgment is.

The Trial Court Erred to the Prejudice of the Appellant's Due Process Rights by Repeatedly Refusing to Permit the Appellant to Present and Argue His Several Objections to the Reimposition of Postrelease Control Where Such Objections Went to the Legal Power, Authority, and to the Jurisdiction of the Trial Court to Reimpose PRC, and to Challenge the Legal Foundations of the Postrelease Control as Themselves Being Void and Illegal Under Both State and Federal Law.

The Trial Court Erred to the Prejudice of the Appellant's Due Process Rights by Reimposing PRC and by Failing to Vacate the Illegal

and Void Sentences and Convictions where the Jury Verdicts Fail to Set Forth a Valid, Legal, and Constitutional, Finding of Guilt for any offense; and Where the Jury Verdicts Fail to Provide the Trial Court with the Legal Power, Authority, or Jurisdiction to Render a Legal and Valid Judgment of Conviction, to Impose a Sentnece (sic), and to Impose PRC as Part of the Sentence.

The Trial Court Ered (sic) to the Prejudice of the Appellant's Due Process Rights by Reimposing PRC and by Failing to Vacate the Illegal and Void Sentences and Convictions where the. Jury Verdicts to the "Force Specifications" are Void for Want 'of Subject Matter Jurisdiction; for Failing to Set Forth Sufficient Facts to Constitute a Legal WO Constitutional Finding of Guilt; for Constructively Amending Counts 4 and 5, Changing the Name and Nature Thereof; for Constructively Violating Ohio's Version of Separation of Powers, where such Defects Deprive the Trial Court of the Legal Power, Authority, and/or Jurisdiction to Reimpose PRC for Want of a Valid Sentence and Judgment Necessary to Support a valid Term of PRC

The Trial Court Erred to the Prejudice of the Appellant's Due Process Rights by Reimposing PRC where the Original Judgment Entry, that Was Not Changed, is Not Final as it Sets Forth Two Life Sentences that are Void and Illegal for the Trial Court Having Ignored a Mandatory Statutory Sentencing Provision When the "Attempted Sentences" were "Imposed"; and Setting Forth Two Undefined "Life" Terms, and Unconstitutional "Bad Time"

{¶6} In the 2014 appeal we remanded the case solely for the trial court to properly advise and impose post-release control. Yet Wells is not only challenging the post-release notification, he is attempting to challenge his conviction and

sentence. We rejected his previous attempt to do so:

> Appellant raises other errors unrelated to his arguments on postrelease control, but the Ohio Supreme Court has made it very clear that no other issues may be raised when making a collateral attack on a sentence based on an error in imposing postrelease control. [*State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332 at ¶31]. This is because any other alleged errors raised by Appellant regarding his sentence could have been raised in his original appeal and are now res judicata, *State v. Wells*, 7th Dist. No. 98–JE–3, 2000 WL 309401 (Mar. 22, 2000).

*Wells*, 7th Dist. No. 14 JE 5, 2014-Ohio-5504, ¶14.

{¶7} Thus, we will not address any assigned error which is barred by res judicata. The only issue before us for consideration is whether Wells' post-release control notification was proper. In our 2014 opinion we held:

> The court's notice in the sentencing entry correctly states that Appellant shall be subject to postrelease control by the parole board, but fails to state that the length of postrelease control shall be five years. The Supreme Court has determined that the notice was insufficient without mentioning the length of postrelease control. *State v. Bloomer*, 122 Ohio St.3d 200, 2009–Ohio–2462, 909 N.E.2d 1254, ¶ 69. Further, the trial court stated at the sentencing hearing that postrelease control would be "at least" five years, rather than exactly five years, unless reduced by the parole board. (12/24/97 Tr., p. 10.) Appellant cites no cases that find error with the words "at least" in this context. One court has held that the use of the phrase "at least" is error but does not rise to reversible error because it still serves the purpose of putting the defendant on notice that, at minimum, there will be five years of

postrelease control. *State v. Tucker*, 8th Dist. No. 95289, 2011–Ohio–1368. Nevertheless, R.C. 2967.28(B) states that there "shall be" five years of postrelease control rather than "at least" five years, and as the state has failed entirely to respond in this matter, use of the phrase "at least" in the context of this appeal is error and should be corrected on remand.

*Wells,* 7th Dist. No. 14 JE 5, 2014-Ohio-5504, ¶12.

**{¶8}** On remand the trial court stated in the judgment entry: "Defendant was advised that upon completion of his prison term the Defendant shall be subject to further period of supervision being under Post-Release Control for a mandatory five (5) year period of supervision and as the Parole Board may determine pursuant to law." However during the hearing, the trial court failed to specifically notify Wells that the post-release control period was for five years: "Now, upon completion of your prison term the offender shall be subject to a further period of supervision being Post-Release Control as the Parole Board may determine pursuant to law."

**{¶9}** A trial court must inform a defendant of post-release control at both the sentencing hearing and within the sentencing entry. *State v. Butler*, 7th Dist. No. 10 JE 44, 2011-Ohio-6366, ¶ 6, citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 22. As such, this assigned error is meritorious.

**{¶10}** In sum, most of the assignments of error alleged by Wells are barred from consideration by res judicata. However, the trial court erred with respect to the post-release control notification. Accordingly, Wells' convictions and sentences are affirmed. However, the trial court's judgment is reversed, and the case remanded for

a limited resentencing hearing for the proper advisement and imposition of post-release control.

Donofrio, P. J., concurs.

Robb, J., concurs.