[Cite as *State v. Wells*, 2016-Ohio-3019.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO                                    )
                                                 )
    PLAINTIFF-APPELLEE                     )
                                                 )     CASE NO. 15 JE 0007
VS.                                              )
                                                 )     OPINION
JOHN WELLS                                       )     AND
                                                 )     JUDGMENT ENTRY
    DEFENDANT-APPELLANT                    )

CHARACTER OF PROCEEDINGS:     Motion for Reconsideration

JUDGMENT:     Denied

APPEARANCES:
For Plaintiff-Appellee     Attorney Jane Hanlin
     Jefferson County Prosecutor
     P.O. Box 1506
     100 North Fourth Street, 10th Floor
     Steubenville, Ohio 43952

For Defendant-Appellant     John Wells, Pro-se
     #344-727
     P.O. Box 57
     Marion, Ohio 43302

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

     Dated: May 9, 2016

[Cite as *State v. Wells*, 2016-Ohio-3019.]
PER CURIAM.

**{¶1}** On March 16, 2016, Appellant John Wells filed a motion for reconsideration in the appeal of *State v. Wells*, 7th Dist. 15 JE 0007, 2016-Ohio-892.

**{¶2}** "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (1987), paragraph one of the syllabus.

**{¶3}** The purpose of reconsideration is not to reargue one's appeal based on dissatisfaction with the logic used and conclusions reached by an appellate court. *Victory White Metal Co. v. N.P. Motel Syst. Inc.*, 7th Dist. No. 04MA245, 2005–Ohio–3828, ¶ 2. "An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision*." Hampton v. Ahmed*, 7th Dist. No. 02BE66, 2005–Ohio–1766, ¶ 16 (internal citation omitted)

**{¶4}** App.R. 26(A)(1) mandates that applications for reconsideration shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question or made a note on the docket of the mailing. "A motion for reconsideration can be entertained even though it was filed beyond the ten-day limitation provided for by the rule if the motion raises an issue of sufficient importance to warrant entertaining it beyond the ten-day limit." *State v. Dew*, 7th Dist. No. 08MA62, 2014-Ohio-4042, ¶7.

**{¶5}** This Court issued its judgment entry and opinion in Wells' appeal on March 4, 2016. He filed his motion on March 16, 2016, two days late. He did not acknowledge this tardy filing nor provide an explanation of good cause. More importantly, there does not appear to be, nor does he allege, an issue of sufficient importance to warrant entertaining his motion beyond the ten day limit.

**{¶6}** Because Wells has failed to meet the requisite time frame for reconsideration, the merits of his motion cannot be addressed and the motion is hereby denied.

{¶7}    Wells also filed what he termed an "Objection to the Unconstitutional Dismissal of Assignments of Error and Motion for a Full Written Opinion" a day after he filed his motion for reconsideration. Wells cites no appellate rule to support the filing of this document or this court's consideration of it. As such, it is also denied.


DeGenaro, J., concurs

Donofrio, P. J., concurs

Robb, J., concurs